(November 30, 1896.)

## CAMPBELL v. BOARD OF COMMISSIONERS OF CANYON COUNTY.

[46 Pac. 1022.]

APPOINTMENT OF DEPUTY SHERIFF—COUNTY COMMISSIONERS MUST AUTHORIZE.—The sheriff cannot appoint a deputy unless empowered by the board of county commissioners so to do, and the said board must, when so requested, determine the necessity therefor.

APPEAL FROM ORDER OF COMMISSIONERS.—The order of such board authorizing or refusing to authorize such appointment may be reviewed on appeal by the district court.

SAME—MUST BE TRIED DE NOVO IN DISTRICT COURT.—When such appeal is taken there must be a trial *de novo* by the district court (Syllabus by the court.)

APPEAL from District Court, Canyon County.

John T. Morrison, for Appellant.

Respondent is sheriff of Canyon county, Idaho. In April, 1895, he applied to the board of county commissioners of said county, asking to be empowered to appoint a deputy for the sheriff's office at a salary of $100 per month. The commissioners refused to authorize the appointment, and respondent appealed to the district court. The appeal was heard upon notice of appeal, or complaint and a statement of facts, stipulated by the attorneys. The order of the commissioners was reversed and set aside, and the board directed to empower the sheriff to appoint a deputy. From this judgment the board of commissioners appeals to this court. That part of section

6, article 18 of the constitution, which is applicable in the discussion, and which will be helpful in arriving at a proper solution of the dispute, reads as follows: The sheriff, auditor and recorder, and clerk of district court, shall be empowered by the county commissioners to appoint such deputies and clerical assistance as the business of their offices may require; said deputies and clerical assistance to receive such compensation as may be fixed by the county commissioners. The commissioners having exercised their discretion, the court had no right to substitute its judgment for the judgment of the tribunal in which the discretion has been vested. (*Dillon v. Whatcom County,* 12 Wash. 391, 41 Pac. 174, and cases cited.)

W. E. Borah, for Respondent.

The unlimited power vested in the sheriff by virtue of the statute prior to the adoption of the constitution to appoint deputies and control the number and compensation is taken away by this provision of the constitution and made to depend upon the action of the board upon the proper showing being made. The provision of the constitution, however, does not confine the power exclusively to the board; in other words, the action of the board may be reviewed upon an appeal. (*Meller v. County Comnrs.,* 4 Idaho, 44, 35 Pac. 712.) We contend therefore: 1. The amount provided by section 7, article 18, of the constitution as compensation for the sheriff, to wit, not more than four thousand dollars nor less than one thousand dollars, was designed to be and is according to the express provisions of the constitution, exclusively the compensation for the sheriff; that he is not expected or required, under any emergency or by any provision of the law, to pay any portion of this amount to deputies.

MORGAN, C. J.—Section 1815 of the Revised Statutes of Idaho is as follows: "Every county officer except probate judge, commissioner, school superintendent and coroner may appoint as many deputies as may be necessary for the faithful and prompt discharge of the duties of his office." This section of the statute evidently places the question as to whether one or more deputies are required to properly discharge the duties

of his office wholly within the discretion of the officer making the appointment. Under this section the sheriff might, whenever he deemed there was a necessity therefor, appoint a deputy or deputies to assist him in the discharge of his duties. With this discretion, thus vested in the sheriff, neither the commissioners nor any other county officer could interfere in any manner. The constitution (article 18, section 6) has made a change with reference to this matter. The provision relating thereto is as follows: "The sheriff, auditor, recorder, and clerk of the district court shall be empowered by the county commissioners to appoint such deputies and clerical assistance as the business of their office may require; said deputies and clerical assistants to receive such compensation as may be fixed by the county commissioners." It would appear 'from this provision of the constitution that the sheriff has no power to appoint a deputy unless he is so authorized by the action of the board of county commissioners, and said board is to authorize him so to do when the business of the office may require. Clearly, this question of the appointment is by the constitution submitted entirely to the judgment of the county commissioners, and therefore, necessarily, the discretion heretofore exercised by the sheriff is taken away, and conferred upon the board. In determining the question of the necessity of deputies, the board of county commissioners acts in a semi-judicial capacity; that is, in determining whether the business of the office requires one or more deputies, they must gain information in regard to the amount of business transacted by this officer, and, in doing so, it will be necessary for them to receive evidence, either written or oral, or both, as to the amount of such business. Having received this evidence, they are to determine the matter, by consideration of the same, as to whether the officer should be authorized to appoint one or more deputies. Having come to a determination of the question, the order must be entered in their records, authorizing such appointment or refusing to do so.

In this case the record does not show that the board of county commissioners was informed in any manner as to the business of the office, or as to the amount of fees coming into the office; and it does not appear, from this record, that they

received any evidence whatever to guide them in making the order of April 13th, by which they refused to empower the sheriff to appoint a deputy. From this order of the board the sheriff appeals to the district court, and for the first time files what may be termed a "complaint," stating, substantially, that he is a taxpayer of Canyon county, Idaho, and resides therein; that he is the duly elected, qualified, and acting sheriff of said county; that on the twelfth day of April he made application to the board of county commissioners of said county, asking to be empowered to appoint a deputy for the sheriff's office for the balance of the then present year, at a salary of $100 per month; that on the 13th of April aforesaid the board refused this request; that the appellant deemed said order illegal and prejudicial to the public interests and welfare of said Canyon county; that he is personally aggrieved by said action; that said deputy was required by the business of his office; that it is impossible for him to efficiently attend to the duties of said office and business without the assistance of a deputy. Thereupon the attorney for the appellant, and C. M. Hays, district attorney, who appeared for the board of county commissioners, entered into the following stipulation, substantially: The plaintiff is the sheriff of Canyon county, and has been since the seventh day of January, 1895, and, acting as such, the said sheriff made application to the board of county commissioners of said county for power to appoint a deputy; that, at the time of such application, the sheriff had no other assistance than the deputy asked for in said application, and has not had since; that at the time of said application, and ever since, and at all times, the duties and responsibilities of said office necessitated the assistance of a deputy as applied for, and that $100 a month would be a reasonable compensation for said deputy; that these facts were made known to the county commissioners at the time of said application; that in case said deputy is appointed, and said county commissioners are directed to appoint said deputy, he shall receive the compensation referred to, or fixed, from April 8, 1895. Upon such stipulation of facts the court, sitting without a jury, finds that the duties and responsibilities of the said office, necessitate the assistance of a deputy, as applied

for in said application, and, as a conclusion of law, that the refusal of said board to allow said application was error, and that the plaintiff herein is entitled to an order from said board empowering him to appoint said deputy at a reasonable compensation; and judgment was entered accordingly, ordering and directing the order of the board of county commissioners to be set aside, and directing the said board to empower said sheriff to appoint said deputy and fix a reasonable compensation for the same, and for costs.

Authorizing the sheriff to appoint a deputy being wholly within the discretion of the board of county commissioners, it is clear that the district attorney, or the attorney for the board, cannot stipulate away this discretion; and when, as appears in this stipulation, he has determined, for the board, that the assistance of a deputy is necessary for the proper transaction of the public business in charge of the sheriff, and that $100 would be a reaonable sum per month as compensation for said deputy, and that his compensation should commence on April 8, 1895, it is, in effect, stipulating away the discretion of the county commissioners, and is beyond the power of the district attorney so to do. As stated before, the county commissioners should determine, themselves, upon the evidence presented, whether the business of the office of the sheriff requires the assistance of a deputy, when application for such deputy is made. Having so determined, they should enter their order. This order, by the statute, like all other orders of the board of county commissioners, is made appealable to the district court in and for the proper county. The trial in the district court is, like all other trials, a trial *de novo* upon the evidence presented; and, upon such trial, the judge of the district court, with or without a jury, as the case may be, has the right to direct the county commissioners, as in this case, either to refuse to empower the sheriff to appoint a deputy, or to authorize him to make such appointment, as the case may seem to justify. Inasmuch as the board of county commissioners seem to have acted without evidence in the matter, so far as the record shows, and as the district attorney has practically stipulated away the discretion of the board of county commissioners by a stipulation signed by him, and as the district court has

acted upon this statement of facts, and taken for granted that
the district attorney had a right to so stipulate, it will be
necessary to send the cause back for a new trial, or for further
proceedings in accordance with this opinion; that is, the board
of county commissioners should act upon evidence in making
their order. If an appeal is taken to the district court, it is
a trial *de novo,* and the district court also acts upon proper,
competent evidence.

Considerable was said, in the argument of the cause in this
court, in regard to the power of the board to authorize the
appointment of a deputy unless the fees coming into the office
of the sheriff should be sufficient to pay said deputy. The
attorney for the appellant claimed that no deputy could be
appointed who was to be paid by the county; in other words,
that if the fees coming to the office of the sheriff should not
be sufficient to pay the deputy, none should be appointed, and
that the compensation of such deputy should come from fees
the same as the compensation of the sheriff, and if the fees
were not sufficient to pay him, that he could receive no salary
from the county. After a careful consideration of the com-
plaint in this case, and of the stipulation, it is clear that this
proposition is not submitted to this court, and therefore it
would not be proper or possible for the court to give an opinion
with reference to that matter; but certainly the amount of
fees coming into the sheriff's office would be a proper consid-
eration for the board of county commissioners, in making up
their opinion as to whether one or more deputies were neces-
sary, under the circumstances. The decision of the district
court is reversed, and the cause remanded for further proceed-
ings in accordance with this opinion. If, in the opinion of
the district court, the cause is properly before it on this ap-
peal, it will only be necessary for the district court to take
such evidence as would enable it to determine the necessity
for such appointment. Inasmuch as the board of county com-
missioners took no action with reference to compensation, it
will remain for them, in case it is determined that they should
empower the sheriff to appoint a deputy, to fix the compensa-
tion which he shall receive. Whether this compensation is to

come from the county, or from the fees only, is not before this court, and cannot be determined for that reason. The judgment is reversed.

Huston and Sullivan, JJ., concur.