(February 7, 1899.)

## TAYLOR v. CANYON COUNTY.

[56 Pac. 168.]

APPOINTMENT OF DEPUTY SHERIFF—NECESSITY OF.—Before the county commissioners can legally empower the sheriff to appoint a deputy under the provisions of section 6, article 18, Idaho constitution, they must find that the business of such sheriff's office requires the appointment of a deputy.

ALLEGATIONS OF COMPLAINT—DEMURRER.—The complaint of the sheriff in an action against the county to recover the salary of a deputy must allege that the county commissioners found that the business of said sheriff's office required the appointment of a deputy.

COUNTY COMMISSIONERS—NECESSITY OF APPOINTMENT WILL NOT BE INFERRED.—That fact will not be inferred from the facts that the county commissioners, in considering said matter, examined certain evidence, and, after being advised in the matter, empowered the sheriff to appoint a deputy.

(Syllabus by the court.)

APPEAL from District Court, Canyon County.

N. M. Ruick, for Appellant.

When the constitution declares the amount to be paid an officer, it is an appropriation made by law. (*State v. Weston,* 4 Neb. 216; *Thomas v. Owens,* 4 Md. 189; *People v. Hoge,* 55 Cal. 612-618; *State v. Holladay,* 64 Me. 526.) The point in this case is not the necessity of a deputy, as that is contemplated by the constitution and admitted by the pleadings, which show that a necessity does and did exist, and that the sheriff and county commissioners have complied with the law in making such appointment; but the point in question here is, Is it the sheriff, or is it the county, that is liable for the payment of such deputy hire? We believe the county is the party liable, and that the constitution plainly established that fact. Section 6, article

18 of the constitution has taken from the sheriff the right to appoint deputies as was provided for under section 1815 of the Revised Statutes, and has vested the power to grant such right in the county commissioners. Section 1815 of the Revised Statutes made the sheriff liable for the compensation of his deputies, and he paid them such compensation as he was able to contract for, and this certainly was right, for no man should be compelled to pay a price for the labor he employs other than that which he agrees to pay. Section 6, article 13, makes it mandatory for the commissioners to fix the compensation which deputies shall receive when appointed, and we do not believe the constitution should be construed as fixing the price or empowering the county commissioners to fix the price. A sheriff shall pay his deputy, if, indeed, the constitution requires the sheriff to pay his deputy, out of his own pocket.

R. E. McFarland, Attorney General, and Rice & Griffiths, for Respondent.

The complaint is silent as to whether a necessity existed for the appointment of a deputy for the sheriff's office at the time the application was made. When an application for power to appoint a deputy is made by a sheriff to the board of commissioners of a county, the board must determine the necessity therefor. When determining the question of such necessity the board acts in a semi-judicial capacity. (*Campbell v. Board of Commrs.,* 5 Idaho, 53, 46 Pac. 1022; *Woodward v. Board of Commrs.,* 5 Idaho, 524, 51 Pac. 143.) The true intent of sections 6, 7 and 8 of article 18 of the constitution is indicated by the "Address to the People of Idaho" issued by a committee of the constitutional convention, and also by the following cases decided by this court, in addition to those already cited in this brief: *Hillard v. Shoshone County,* 3 Idaho, 107, 27 Pac. 680; *Guheen v. Curtis,* 3 Idaho, 443, 31 Pac. 805; *Meller v. Board of Commrs.,* 4 Idaho, 44, 35 Pac. 712; *Ada County v. Ryals,* 4 Idaho, 365; 39 Pac. 556; *Ada County v. Gess,* 4 Idaho, 611, 43 Pac. 71; *Eakin v. Nez Perces County,* 4 Idaho, 131, 36 Pac. 702.

SULLIVAN, J.—This action was brought by the sheriff of Canyon county to recover from said county the sum of seventy-

five dollars, the salary fixed by the board of county commissioners of said county to be paid to a deputy sheriff per month, whom said board authorized said sheriff to appoint. It appears: That said sheriff made application to said board under the following provision of section 6 of article 18 of the state constitution, to wit: "The sheriff —— shall be empowered by the county commissioners to appoint such deputies and clerical assistant as the business of their office may require; said deputies and clerical assistant to receive such compensation as may be fixed by the county commissioners." That the board of county commissioners of said Canyon county, at its regular meeting in January, 1897, duly considered said application, at which time the books of the said sheriff's office were examined by said board, to ascertain the volume of the business transacted in said sheriff's office, and the said sheriff was then and there duly sworn and examined and cross-examined as a witness in support of his said application or petition. That said board, being fully advised in the premises, and upon due deliberation and consideration of the evidence introduced, made an order empowering the said sheriff to appoint a deputy, and in said order fixed said deputy's salary at seventy-five dollars per month. That a deputy was appointed under the authority so given, and served as deputy for one month. That, at the end of said month, the plaintiff, who is the appellant here, properly made out in writing his claim for said services for the sum of seventy-five dollars, and duly filed the same with the clerk of said board, and thereafter said board made an order disallowing said claim. That thereafter this suit was brought, in the probate court of said Canyon county, and judgment entered in favor of the plaintiff. An appeal was taken to the district court, and the cause came on for trial *de novo.* The defendant interposed a general demurrer to the complaint, which demurrer was sustained, and judgment of dismissal entered. This appeal is from the judgment.

The only error assigned is that the court erred in sustaining the demurrer to the complaint. The question for decision is whether the complaint states a cause of action. It is contended by the respondent that the complaint contains no allegation of a necessity existing for the employment of said deputy, and that it con-

tains no allegation that the board of commissioners found that a necessity existed for the appointment of said deputy; while, on the other hand, counsel for appellant contends that the point in this case is not the necessity of a deputy, as that necessity is contemplated by the constitution and admitted by the pleadings, which show that a necessity did exist, and that the sheriff and county commissioners had complied with the law in making such appointment, but the point involved here is, Is the sheriff or the county liable for the payment of the deputy's salary? We do not think that the necessity for the employment of deputy in any particular county was contemplated by the constitution, nor do the pleadings in this case admit that such a necessity existed. Section 6 of article 18 evidently contemplates that a necessity may arise for the appointment of a deputy sheriff. It also contemplates that, when it is made to appear to the county commissioners that the services of a deputy are necessary to the proper conduct of the business of the sheriff's office, they may empower the sheriff to appoint such deputy, and may fix the salary of such deputy. However, before the county commissioners are authorized to empower the appointment of a deputy, they must find that the business of the office requires the assistance of one. Counsel for appellant is mistaken when he says that the necessity for a deputy is admitted by the pleadings. The defendant interposed a general demurrer to the complaint, which was sustained by the court, and judgment of dismissal entered. The only pleadings considered on the hearing were the complaint and demurrer. While it is true the general demurrer admitted as true every allegation of the complaint, it contains no allegation that a necessity existed for the appointment of said deputy, and no allegation that the county commissioners found that a necessity existed for the appointment of said deputy, or that the business of said office required such appointment. The complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language; and one of the ultimate facts that the board must find in such a case, before it is authorized to empower the sheriff to appoint a deputy, is that the business of the office requires it, or, in other words, that a necessity exists for the appointment. (*Meller v. Board,* 4 Idaho, 44, 35 Pac. 712.)

After a careful consideration of the allegations of the complaint, we are unable to find any allegation that there was a necessity for the appointment of said deputy, or that the commissioners found that such a necessity existed. It is true it is alleged that said board examined the books of said sheriff to ascertain the volume of business transacted in said sheriff's office, and that said sheriff was duly sworn and examined as a witness on his own behalf. It is also alleged that said board, being fully advised in the premises, did make an order empowering the plaintiff to appoint a deputy for his office at Caldwell, etc. This is not a sufficient or any allegation that said board found that the business of said office required the appointment of a deputy sheriff. It may be argued that it is a reasonable inference from the facts alleged that the county commissioners did find that such necessity existed, and, if they had not, they would not have authorized the appointment. The material allegations of a complaint must be alleged, and not left to be inferred from other facts alleged. Under the provisions of said section 6 of article 18 of the constitution, before the county commissioners can legally authorize the appointment of a deputy, they must determine whether the business of the office requires a deputy; and, in a suit like the one at bar, the complaint must allege that the commissioners found that the business of the office required the appointment of a deputy. That fact will not be inferred from the allegation that the board empowered the sheriff to appoint a deputy. In the determination of this case, it is not necessary for us to determine whether the county would be liable under any state of facts for the salary of a deputy appointed under the provisions of section 6 of article 18 of the constitution, and we do not do so. The judgment of the court below is affirmed, with costs of this appeal in favor of the respondent.

Quarles, J., concurs.

HUSTON, C. J., Dissenting.—I find myself unable to agree with my brothers in the conclusions they have reached in this case. The record shows that the sheriff made application to the board of commissioners for authority to appoint a deputy. Thereupon the board instituted an inquiry to ascertain if a ne-

cessity for such appointment existed. They examined the sheriff, under oath. They examined the books and records of the sheriff's office, and, after due deliberation and consideration, made the requisite order authorizing the sheriff to make the appointment, and fixed the compensation. It seems to me there was a sufficient compliance with the requirements of the statutes, although the record did not contain the averment that "a necessity existed" for such appointment.