(May 29, 1900.)

# TAYLOR v. CANYON COUNTY.

[61 Pac. 521.]

PLEADING—ALLEGATIONS OF COMPLAINT.—When a claim against the county is not allowed, for the reason that it is not a charge against the county, and its form and proper presentation is not questioned, it is not necessary for the complaint to allege that the requirements of the statute, as to form of claim and proper presentation thereof, have been complied with.

APPOINTMENT OF AND COMPENSATION OF DEPUTIES—CONSTITUTIONAL CONSTRUCTION.—Under the provisions of section 6, article 18, of the constitution of Idaho, as it existed before amendment, where the board of county commissioners, upon proper application and proof, empowered the sheriff to appoint a deputy and fixed such deputy's salary, the salary is a charge against the county.

SAME—REPEAL OF STATUTE.—Said section was not intended to repeal section 1815 of the Revised Statutes, so far as the latter section authorizes certain county officers to appoint deputies, but only to prohibit the salaries of such deputies from becoming a charge against the county.

SAME—DEPUTIES' SALARIES, WHEN A CHARGE AGAINST THE COUNTY.— Under the provisions of section 6 of the constitution, the only deputies of county officers, whose salaries are a charge against the county, are those whom from necessity the board have authorized to be appointed, and their salaries fixed by the board.

(Syllabus by the court.)

APPEAL from District Court, Canyon County.

N. M. Ruick, for Appellant.

When the constitution declares the amount to be paid an officer, it is an appropriation made by law. (*State v. Weston,* 4 Neb. 216; *Thompson v. Owens,* 4 Md. 189; *People v. Hoge,* 55 Cal. 612-618; *State v. Holladay,* 64 Mo. 526.) A constitutional provision is self-executing if it supplies a sufficient rule by which the right given may be enjoyed and protected, or the duty imposed may be enforced. (Cooley's Constitutional Limitations, 5th ed., p. 100, sec. 83.)

S. H. Hays, Attorney General, and Frank J. Smith, for Respondent.

Respondent filed a general demurrer to the complaint in the court below. This demurrer was sustained and judgment thereupon entered. From that judgment this appeal is taken. In an action on a claim against the county the complaint must cover all matters required by the statute in relation to the presentation of the claim to the board of county commissioners and their rejection of the same. (*Rhoda v. Alameda County,* 52 Cal. 350.) Section 6 of article 18 of the constitution, relating to deputies may have been intended only to prescribe the officers who might have their deputy paid by the county, but that it did not necessarily affect section 1815 of the Revised Statutes any further than this, if, indeed, it affected it at all, since section 1815 of the Revised Statutes prescribed the officers who may have deputies, and the constitution prescribes those who may have deputies paid by the county.

SULLIVAN, J.—This action was brought by the appellant, the sheriff of Canyon county, to recover from said county $890, alleged to be due him for deputy hire for the year 1897. It is alleged in the second amended complaint that on application of the appellant, as sheriff of said county, the board of county commissioners of said county, after a hearing of the evidence thereon, found that a necessity existed for a deputy, and said application was granted, and the salary of such deputy was fixed by said board at seventy-five dollars per month; that under said authority a deputy was employed, and served in said capacity for eleven months and twenty-six days, and that such service at the rate of seventy-five dollars per month amounted to $890, which sum said sheriff had paid to said deputy, and thereafter filed his claim against the county for the same (including therein $160 more than that sum, which is fully explained in the complaint, and it in no wise affects the questions involved in this case.) The board disallowed said claim, on the ground that it was not a charge against the county. Thereupon this suit was brought. A demurrer was filed to the second amended complaint, on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court. Plaintiff refused to further plead,

and judgment of dismissal and for costs was entered against him. This appeal is from the judgment.

The attorney general contends that in an action on a claim against the county the allegations of the complaint must cover all matter required by the statutes in relation to the presentation of such claim to the board of county commissioners, and their rejection of the same. There would be some force in that contention if the record showed that the claim was rejected because of its form or presentation in not meeting the requirements of the statute, but in the case at bar the claim was rejected on the sole ground that it was not a charge against the county. The form of the claim and its proper presentation were not questioned, and, as the only question is whether it is a charge against the county, the allegations of the complaint are sufficient. It is conceded that the trial court sustained said demurrer, on the ground that the various decisions of this court held that the salary of a deputy authorized to be hired by resolution of the board of county commissioners was not a charge against the county beyond the fees turned into the county treasury by his principal. That the various county officers must be self-sustaining, unless the fees failed to amount to the minimum prescribed by law. There are certain opinions rendered by this court from which the above conclusions may reasonably be drawn. But it is contended with great ability by counsel for appellant that the opinions above referred to do not go to the extent claimed by counsel for respondent, and that, if they do, the provisions of the state constitution in regard to the salaries of county officers do not warrant them. While the opinions referred to do not directly hold that such deputies' salaries are not charges against the county, they tend strongly in that direction, and justified the district court in so construing them. The decision of that question depends upon the construction given to sections 6, 7, and 8 of article 18 of the state constitution, which sections are as follows:

"Sec. 6. The legislature, by general and uniform laws, shall provide for the election biennially, in each of the several counties of the state, of county commissioners; a sheriff; county

treasurer, who is *ex-officio* public administrator; probate judge, who is *ex-officio* county superintendent of public instruction; county assessor, who is *ex-officio* tax collector; a coroner; and a surveyor. The clerk of the district court shall be *ex-officio* auditor and recorder. No other county officers shall be established, but the legislature, by general and uniform laws, shall provide for the election of such township, precinct, and municipal officers as public convenience may require, and shall prescribe their duties, and fix their terms of office. The legislature shall provide for the strict accountability of county, township, precinct, and municipal officers for all fees which may be collected by them, and for all public and municipal moneys which may be paid to them or officially come into their possession. The county commissioners may employ counsel when necessary. The sheriff, auditor and recorder and clerk of the district court shall be empowered by the county commissioners to appoint such deputies and clerical assistants as the business of their offices may require; said deputies and clerical assistants to receive such compensation as may be fixed by the county commissioners. No sheriff or county assessor shall be qualified to hold the term of office immediately succeeding the term for which he was elected.

"Sec. 7. The officers provided by section 6 of this article shall receive annually, as compensation for their services, as follows: Sheriff, not more than $4,000 and not less than $1,000, together with such mileage as may be prescribed by law; clerk of the district court, who is *ex-officio* auditor and recorder, not more than $3,000 and not less than $500; probate judge, who is *ex-officio* county superintendent of public instruction, not more than $2,000 and not less than $500; county assessor, who is *ex-officio* tax collector, not more than $3,000 and not less than $500; county treasurer, who is *ex-officio* public administrator, not more than $1,000 and not less than $300; coroner, not more than $500; county surveyor, not more than $1,000; county commissioners, such *per diem* and mileage as may be prescribed by law; and justices of the peace and constables such fees as may be prescribed by law.

"Sec. 8. The compensation provided in section seven (7) for the officers therein mentioned shall be paid by fees or commissions, or both, as prescribed by law. All fees and commissions received by such officers in excess of the maximum compensation per annum provided for each in section seven (7) of this article shall be paid to the county treasurer for the use and benefit of the county. In case the fees received in any one year by any one of such officers shall not amount to the minimum compensation per annum therein; provided, he shall be paid by the county a sum sufficient to make his aggregate annual compensation equal to such minimum compensation."

Said section 7 has been amended, but the amendment in no wise affects this suit, as it went into effect after this alleged cause of action arose, and the above quotation gives that section as it was before amendment. By a provision of said section 6 the sheriff, auditor, recorder, and clerk of the district court may employ such deputies and clerical assistants as the business of their offices may require, whenever empowered to do so by the county commissioners; and it is further provided that such deputies and clerical assistants shall receive such compensation as may be fixed by the board of county commissioners. Said section 7, among other things, fixes the minimum and maximum compensation which said county officers may receive per annum; while section 8, *inter alia*, provides that such compensation shall be paid by fees or commissions, or both, as prescribed by law, and further provides that all fees and commissions received by such officers in excess of the maximum compensation shall be paid into the county treasury for the use and benefit of the county. While this court has held that the evident intent of the framers of the constitution was that the county offices referred to should be self-sustaining, except when the fees and commissions did not amount to the minimum, we think that the framers also considered that exigencies might arise when those offices would not and could not be self-sustaining, as that is clearly indicated by the wording of said sections. And, after careful investigation and consideration of this matter, we conclude that it was intended, when the sheriff, auditor, recorder, or clerk required a deputy, and on proper

application to the board of county commissioners, it is found that the business of the office required a deputy and empowered the officer to employ one and fix his salary, the salary so fixed is a charge against the county. The board, in empowering the employment of a deputy, should have had in mind that the intention of the framers of the constitution was to make such offices self-sustaining, as nearly as possible, and the income of the office was a good index of the necessity of a deputy, and should have been carefully considered by the board on said application. Where the income of the office was less than the minimum, or even slightly above, no deputy should have been allowed, except at the expense of the officer, unless some very cogent reason was shown therefor. With the liberal fees allowed by law, if the income of the office does not amount to the minimum, the officer certainly has not been overworked. The necessity of each case must rest on its own facts, and the board of county commissioners should be ever mindful of the interest of the taxpayer, as well as that of the officer, in passing upon the necessity for the employment of a deputy.

The board of county commissioners in passing upon the claim involved in this case evidently concluded that the deputy's salary was not a county charge unless the officer turned fees sufficient into the county treasury to pay such salary over and above his maximum. It is shown by the record that the earning of said sheriff's office for the fiscal year of 1897 amounted to but $1,336.78. Considering the fees allowed, it would seem that the sheriff was not overburdened with business, and in no urgent need of a deputy. However, be that as it may, some urgent necessity may have been shown for the appointment of a deputy, and this appeal is from the judgment of dismissal rendered on sustaining a general demurrer to the complaint, and we are of the opinion that the sustaining of the demurrer was error, and the judgment must be set aside.

Recurring to the appointment of deputies, section 1815 of the Revised Statutes provides that every county officer, except probate judge, commissioner, school superintendent, and coroner may appoint as many deputies as may be necessary for the faithful and prompt discharge of the duties of his office; and by an

act amendatory of said section the school superintendent is authorized to appoint a deputy. (Laws 1889, p. 9.) Section 1816 of the Revised Statutes requires any county officer, who may be granted a leave of absence to appoint a deputy to act during his absence. Sections 1817, 1818, 1819, and 1820 pertain to the appointment of deputies. And the general rule is that all ministerial duties which the principal has the authority to perform may be performed by a deputy. (9 Am. & Eng. Ency. of Law, 2d ed., 370.) Under the statutes the payment of salaries of deputies became a grievous burden to the taxpayer, and relief was demanded and was granted by that provision of said section 6 of the constitution which provides that only the sheriff, auditor, recorder, and clerk may be empowered to employ deputies, whose salaries shall be a charge against the county, and then only upon due application to the board of county commissioners, and the board is authorized to fix the salaries of all deputies so appointed. It is part of the history of the county government of the state that the county officers not included among those who may be empowered by the board to employ a deputy needs one at some time during his term of office on account of his sickness or being by force of circumstances obliged to leave his office for a time. Take, for instance, the assessor and tax collector. His duties take him from his office several weeks in the year, and in our large counties almost daily some citizen and taxpayer wishes to do business with the office, and the framers of the constitution fully understood those facts and conditions, and we do not think that they intended that said provision of section 6, article 18, should operate as a repeal of said section 1815, and the act amendatory thereof, any further than to relieve the county from the payment of all deputies' salaries except of those appointed by the sheriff, auditor, recorder, and clerk when duly empowered by the board, and the salaries of such deputies fixed by the board as provided in said section 6 of the constitution. The judgment is reversed, and the cause remanded, with instructions to overrule the demurrer, and for further proceedings in accordance with the views expressed in this opinion.

Huston, C. J., and Quarles, J., concur.