(January 22, 1909.)

## WALTER GARDNER, Appellant, v. BLAINE COUNTY, IDAHO, Respondent.

[99 Pac. 826.]

PETITION FOR THE INCORPORATION OF A VILLAGE — HEARING BEFORE BOARD OF COMMISSIONERS—APPEAL TO DISTRICT COURT—HEARING IN DISTRICT COURT.

1. An order for the incorporation of a village under the provisions of Rev. Codes, sec. 2222, is appealable to the district court, by any person aggrieved thereby or by any taxpayer within the territory affected by such incorporation.

2. Rev. Codes, sec. 1953, provides that upon the appeal the matter must be heard anew, and the act, order or proceeding so appealed from may be affirmed, reversed or modified.

3. "Heard anew," as used in this statute, means that the cause shall be retried in the district court as though originally brought in said court, and the case must be proven in the same way, and the burden of proof rests with the same party as before the board of commissioners. It is a retrial of the matter tried before the board of county commissioners.

4. Upon the trial anew in the district court, upon an appeal from an order of the board of county commissioners, it is error for the trial court to require the party having the negative to take the affirmative and disprove the facts as found by the board of commissioners.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Edward A. Walters, Judge.

A petition was presented to the board of county commissioners for the incorporation of the village of Soldier. The board granted the prayer of the petition. An appeal was taken to the district court, where the order of the board was affirmed. This appeal is from the judgment of the district court. *Reversed.*

McFadden & Brodhead, for Appellant.

The proceedings before the district court in such appeals are the same as upon an appeal from the probate or justice court in a civil action; there must be a trial *de novo,* and it is no more incumbent upon the appellant to take the affirmative than it would be for a defendant, who is an appellant from the justice court, to take the affirmative of the issue. (*Campbell v. Board of Commrs.*, 5 Ida. 53, 46 Pac. 1022.)

H. F. Ensign, Prosecuting Attorney of Blaine County, and R. M. Angel, for Respondent, file no brief.

STEWART, J.—A petition was presented to the board of county commissioners of Blaine county, praying for the incorporation of the village of Soldier as provided for in Rev. Codes, sec. 2222. Afterward the board of county commissioners made an order incorporating the village of Soldier, fixed the metes and bounds thereof, and designated a board of trustees to serve until the next regular village election. Walter Gardner, a citizen of the United States and the state of Idaho, and a resident and taxpayer within the limits of the territory of the purported village of Soldier, appealed to the district court from the order of the board of county commissioners incorporating the village of Soldier.

When the case was called for trial in the district court, counsel for appellant moved that respondent be required to take the affirmative and show the jurisdictional facts necessary to authorize the board of commissioners to incorporate the

village of Soldier, inasmuch as the statute requires that the matter be heard anew. Whereupon the court overruled said motion and directed the appellant to open the case, to which ruling appellant excepted. Trial was had in the district court and findings of fact were made and a decree rendered in which the court decreed that the act of the board of county commissioners of Blaine county, declaring the village of Soldier to be a corporate body, was valid, and within the board's jurisdiction, and the appeal from said act or order was dismissed. From this decree Walter Gardner appeals to this court.

The sole question presented by this appeal is: What was the proceeding in the district court and how should the trial have been conducted upon the appeal from the board of county commissioners? Before discussing this question, we deem it proper to refer to the title of this action. The title of the case is *Gardner v. The Board of County Commissioners.* The action, however, is not being maintained by Mr. Gardner against the board of county commissioners. The petition presented to the board related to the incorporation of the village of Soldier, and the proper title before the board of commissioners was, "In the Matter of the Petition for the Incorporation of the Village of Soldier." When Mr. Gardner appealed from the order made by the commissioners, he would not become plaintiff in the case, and neither would the board become defendant. The title of the action properly should have remained as entitled before the board, and such title should have been carried throughout the procedure and upon the appeal in this court. While the title given to the action does not affect its merits or detract from the rights of the parties interested in the controversy, yet it is better in matters of this kind that a proper title be given, and that the title be maintained throughout the proceeding.

Turning, then, to the question involved upon this appeal, as to the procedure in the district court, and the manner in which the cause should have been tried, we find that the statute provides, Rev. Codes, sec. 1950:

"An appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, or by any taxpayer of the county when any demand is allowed against the county, or when he deems any such act, order or proceeding illegal or prejudicial to the public interests."

The subject matter of this case falls clearly within the provisions of this section and authorizes any person aggrieved by the decision or order of the board or any taxpayer to appeal. Rev. Codes, sec. 1953, clearly and specifically provides the procedure and manner of trial in the district court. It is:

"Upon the appeal, the matter must be heard anew and the act, order or proceeding so appealed from may be affirmed, reversed or modified."

This section seems so clear and has been so frequently construed by this court that it would seem that there ought not to be any doubt as to its meaning.

In the case of *Fisher v. Board etc. of Bannock Co.*, 4 Ida. 381, 39 Pac. 552, the court holds:

"It is further contended that the court erred in receiving any evidence on the trial of the case. There is nothing in this contention. The case, after appeal to the district court, must be tried anew; and the issue being whether Caldwell, the defendant in error, had been actually and necessarily employed in the discharge of his duties as a county commissioner for the nineteen days mentioned, and for which the board had allowed *per diem* compensation of six dollars, any pertinent evidence upon that issue was admissible."

In the case of *Campbell v. Board of Commissioners*, 5 Ida. 53, 46 Pac. 1022, in discussing this matter, this court said:

"This order, by the statute, like all other orders of the board of county commissioners, is made appealable to the district court in and for the proper county. The trial in the district court is, like all other trials, a trial *de novo* upon the evidence presented; and, upon such trial, the judge of the district court, with or without a jury, as the case may be, has the right to direct the county commissioners, as in this case, either to refuse to empower the sheriff to appoint a deputy, or to

authorize him to make such appointment, as the case may seem to justify.''

In the case of *Clyne v. Bingham County,* 7 Ida. 75, 60 Pac. 76, this court in discussing this question, held:

''On appeal from an order or action of a board of commissioners to the district court, the matter must be tried anew, and the jurisdiction of the court, and its duties in the premises, cannot be abridged or curtailed by stipulation of counsel.''

In the case of *Mahoney v. Board of County Commrs.,* 8 Ida. 375, 69 Pac. 108, this court again affirmed this doctrine.

In the case of *Latah County v. Hasfurther,* 12 Ida. 797, 88 Pac. 433, this court, again discussing this question, held:

''Counsel for respondents insists that they had a right to appeal from the order of the board granting the road through their premises and the award for damages, and that when the case came to a hearing in the district court, they were entitled to a trial *de novo.* In support of this contention he cites Session Laws of 1899, pages 248, 249. The language of the law referred to is as follows: 'Upon the appeal, the matter must be heard anew, and the act, order or proceeding so appealed from may be affirmed, reversed or modified.' We are disposed to accept his theory as correct.''

We thus find that the decisions of this court have universally adhered to the language of the statute that ''upon appeal, the matter must be heard anew.'' What is meant by ''heard anew,'' as used in this statute, is that the district court shall try the case as though originally brought in said court, and the case must be proven in the same way as before the board of commissioners. The affirmative and burden of proof is with the same party. It is a retrial of the case tried before the board of county commissioners.

In the case under consideration, the trial court seems to have proceeded upon the theory that it was the duty of the appellant to disprove the judgment and order made by the board of county commissioners. In other words, the negative of the issue before the board became the affirmative when the case was appealed to the district court, and the appellant was

placed in the position of being required to disprove the facts which the petitioners were required to prove before the board in order to authorize the board to make the order entered by them. Such is not the law, however, and when the case reached the district court upon the appeal from the order of the board, it was necessary for the petitioners to make their case there and prove the same facts they were required to prove before the board of commissioners; that is to say, the petitioners were required to prove in the district court that a majority of the taxable inhabitants of the territory, proposed to be incorporated into a village, presented a petition to the county board of the county of Blaine, praying that they should be incorporated as a village, and designating the name they wished to assume and the metes and bounds of the proposed village, and that the inhabitants to the number of two hundred or more were actual residents of the territory described in the petition. These were the facts necessary to prove to the satisfaction of the board of county commissioners, and when an appeal was taken to the district court, these were the necessary facts which were required to be proven to the satisfaction of the district court. Rev. Codes, sec. 1953, authorizes the district court to affirm, reverse or modify the order made by the board from which the appeal was taken.

From what has been said, it follows that the judgment of the district court must be reversed and set aside, and the district court is directed to proceed to try the issues presented in said case anew in accordance with this opinion. Costs awarded to appellant.

Ailshie, J., concurs.