(No. 5904.   November 28, 1932.)

I. E. CLAYTON, County Assessor, Respondent, v. T. H.
    BARNES, ARTHUR BALL and JOSEPH ORME,
    County Commissioners, and BONNEVILLE COUNTY,
    a Municipal Corporation, Appellants.

[16 Pac. (2d) 1056.]

A. A. Merrill and O. A. Johannesen, for Appellants.

Alvin Denman, for Respondent.

BUDGE, J.—Respondent is county assessor and the individual appellants are county commissioners of Bonneville county. On May 20, 1931, respondent instituted a proceeding against the board of county commissioners alleging that the amount of money which it had allowed him in the budget for his office for 1931 was insufficient and had been exhausted; that certain claims held by employees in his office for services rendered by them had not been paid, but had been disallowed by the board; that it was necessary for his budget allowance to be increased; and that an emergency therefor existed. He prayed that a writ of mandate issue commanding the board ''to consider whether an emergency exists to meet said claims, and to adopt a resolution stating the facts constituting the emergency . . . . and to make the expenditures necessary to meet said claims as emergency claims without further notice or hearing.''

An answer was filed alleging that respondent had been extravagant in his expenditures; that ample funds had been provided for in the budget to take care of his office, and that on May 12, 1931, four months after respondent took office, he had incurred indebtedness in excess of his budget allowance; that if any emergency existed it was due to the negligence and inefficiency of respondent in handling the affairs of his office; that there were no moneys available provided for by statute which could be used for such

an emergency as respondent claimed. After a hearing the trial court decreed that a writ of mandate issue requiring the board "to meet and adopt a resolution stating the facts constituting the emergency, to-wit: 'That the said claims of Sarah Minson in the amount of seventy-two dollars, T. T. Minson in the amount of one hundred four dollars, and Laura Hops in the amount of one hundred four dollars are for mandatory expenditures required by the laws of the state of Idaho of the plaintiff,' and enter said resolution upon their minutes and approve said claims, and make the expenditures necessary to provide for and meet such emergency claims without further notice or hearing."

No appeal was taken from this judgment and the question of the power and jurisdiction of the trial court to grant such relief is therefore not before us for consideration.

Thereafter, and in compliance with said writ, the board passed a resolution declaring an emergency and provided the necessary funds to pay the three claims, and also provided additional funds, knowing that respondent had incurred other indebtedness which was outstanding and unpaid. Subsequently, respondent presented to the board a claim for $250 attorney's fees, claiming that he had been compelled to employ an attorney to prosecute the *mandamus* proceeding, not being able to avail himself of the services of the county prosecuting attorney, and that he had thereby incurred a liability for the payment of such attorney's fees. The claim was disallowed by the board and thereupon respondent commenced this action to recover the sum of $250, which he alleged was a reasonable attorney's fee and which he had been compelled to expend in prosecuting the *mandamus* proceeding, the complaint setting forth the facts substantially as above recited. Appellants answered the complaint denying generally the allegations thereof. They also alleged that they had never at any time granted respondent authority to employ an attorney; that they had no funds available for such employment; that they were without legal authority to pay for such services; that respondent had no lawful right to employ an attorney for

such purposes without first securing the authorization of the board of county commissioners therefor; and that the entire procedure on the part of respondent was contrary to law. Upon the issues thus framed the cause was tried by the court sitting without a jury. Findings of fact and conclusions of law were made and filed and judgment was rendered in favor of respondent, from which judgment this appeal is taken.

On the day this case was set for hearing respondent filed a motion to dismiss the appeal upon the sole ground that appellant failed to serve upon respondent or his attorney the clerk's transcript as required by the provisions of C. S., sec. 7166, and Rule 23 of this court. From an examination of the affidavits in support of and against the motion, we are not inclined to grant the motion for the reason that respondent has failed to show that he suffered any prejudice by reason of the failure of appellant to serve him with the clerk's transcript. The completed transcript was settled and filed in this court within time. Respondent also filed his brief prior to the time of making the motion and admitted the proper settlement of the reporter's transcript and raises no objection to the service and filing of the same. In view of this situation and since the failure to serve the clerk's transcript is not jurisdictional (*Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Wolter v. Church,* 30 Ida. 427, 165 Pac. 521; *Lucas v. City of Nampa* (on rehearing), 37 Ida. 763, 766, 219 Pac. 596; *Utana M. Corp. v. Salmon River P. & L. Co.,* 37 Ida. 793, 218 Pac. 789; *In re Drainage Dist. No. 3,* 40 Ida. 549, 552, 235 Pac. 895) and no prejudice is shown, the motion will be denied. (*Five Point Garage v. Purdum,* 50 Ida. 43; *In re Drainage Dist. No. 3, supra.*)

The only question here for determination is whether or not respondent, without authority of the board of county commissioners, could employ an attorney in the *mandamus* proceedings and thereby create a legal claim for attorney's fees against Bonneville county. It is conceded that respondent made no application to or submitted the

necessity for the employment of an attorney to the board of county commissioners. The employment of said attorney to prosecute the *mandamus* proceeding was an individual employment by respondent. It is admitted that the employees in respondent's office, whose claims were involved in the *mandamus* proceeding as above set forth, were employed by him without application being made to the board of county commissioners for additional clerical help in the manner and as provided by Const., art. 18, sec. 6, and C. S., sec. 3694 (as amended 1929 Sess. Laws, chap. 21). Under said above-cited provisions it is not only necessary that the board find the necessity for the appointment of assistant clerical help but that it also fix the compensation to be paid. The claim for attorney's fees filed with and disallowed by the board is predicated upon the unauthorized employment of clerical help by respondent. It cannot be doubted that one who demands payment of a claim against a county must show some constitutional or statutory authority therefor, or that it arises from some contract, express or implied, which finds authority in law. (C. S., sec. 3504; 15 C. J. 562, sec. 264; 7 Cal. Jur. 539, sec. 105.) It is also a well-settled rule that the payment of such claim cannot be allowed upon the theory that the services performed for which compensation is claimed were beneficial to the county. (7 Cal. Jur. 539, sec. 105; *Gibson v. Sacramento County,* 37 Cal. App. 523, 174 Pac. 935; *Irwin v. County of Yuba,* 119 Cal. 686, 52 Pac. 35.) It is well established that the right of an officer to demand expenses incurred by him in the performance of an official duty must be found in the Constitution or the statutes confirming it, either directly or by necessary implication. (46 C. J. 1018, sec. 246.)

Sec. 6, art. 18, of the Constitution provides that:

"The legislature by general and uniform laws shall provide for the election biennially in each of the several counties of the state, of county commissioners, .... a county assessor .... No other county offices shall be established, .... The County commissioners may employ counsel when necessary. ....."

Sec. 7, art. 18, of the Constitution provides for fixed annual compensation of all county officers provided for in sec. 6, art. 18. Sec. 6, art. 18, in providing that the county commissioners may employ counsel when necessary, is a limitation upon the authority of the county commissioners to employ counsel and a denial of the authority of all other county officials to do so.

"In accordance with the maxim '*expressio unius est exclusio alterius*,' where a statute enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned; and where it directs the performance of certain things in a particular manner, *or by a particular person*, it implies that it shall not be done otherwise *nor by a different person*." (59 C. J. 984, sec. 582.)

"Devolution of this power upon the court negatives intention to allow it to be used elsewhere or by any other tribunal or person. *Expressio unius est exclusio alterius*." (*Taylor v. Taylor*, 66 W. Va. 238, 19 Ann. Cas. 414, 66 S. E. 690, 692.)

It is held in *Taylor v. Michigan Public Utilities Com.*, 217 Mich. 400, 186 N. W. 485, that under the maxim "*Expressio unius est exclusio alterius*," when a statute creates and regulates and prescribes the mode and names the parties granted the right to invoke its provisions, that mode must be followed, and none other, and such parties only may act. (See, also, C. S., sec. 3428.) If the position taken by respondent as to the validity of the claims presented and allowance of additional funds for his office was well taken, an orderly procedure to determine the questions is provided, justifying the allowance and payment by the county of attorney's fees necessarily incurred. Inasmuch as the county attorney was not in a position to represent respondent as he would be required to represent the board in such a proceeding, respondent could have made proper application to the board, which he did not do, for the employment of counsel to maintain an action to determine the questions involved, and upon its wrongful refusal to comply with his

request, its action was subject to review upon appeal from its order. Furthermore, proceedings are available to require the board to employ counsel in matters over which it has jurisdiction and control as well as to enjoin such action where it is without jurisdiction or control. Upon the determination of such appeal or other proceeding, if the circumstances justified it, counsel would be employed by the board at the expense of the county. The commissioners' authority is further limited to such matters over which they have jurisdiction and control and then only when necessary, and the facts creating such necessity must be made a matter of record. (*Hampton v. Board of Commrs. of Logan County,* 4 Ida. 646, 43 Pac. 324; *Conger v. Commissioners of Latah County,* 5 Ida. 347, 48 Pac. 1064; *Conger v. Board of Commrs. of Latah County,* 4 Ida. 740, 48 Pac. 1064; *Barnard v. Young,* 43 Ida. 382, 251 Pac. 1054.)

Sec. 6 of art. 18 of the Constitution also provides:

"The . . . . county assessor, . . . . shall be empowered by the county commissioners to appoint such deputies and clerical assistance as the business of their offices (his office) may require, said deputies and clerical assistants to receive such compensation as may be fixed by the county commissioners. . . . . ''

Expense incurred by the county assessor in the employment of clerical assistance in his office without being empowered by the board of county commissioners so to do, as required by C. S., sec. 3700 (as amended 1929 Sess. Laws, chap. 83, sec. 1), and art. 18, sec. 6, of the Constitution, or expense incurred in the employment of counsel to compel the board of county commissioners to allow claims for services of such clerical assistants, is not such an actual or necessary expense within the meaning of C. S., sec. 3694 (as amended 1929 Sess. Laws, chap. 21, sec. 1), and Const., art. 18, sec. 7, as may become a legal charge against the county. (*Campbell v. Board of Commrs.,* 5 Ida. 53, 46 Pac. 1022; *Woodward v. Board of Commrs.,* 5 Ida. 524, 51 Pac. 143; *Fremont County v. Brandon,* 6 Ida. 482, 56 Pac. 264; *Taylor v. Canyon County,* 6 Ida. 466, 56 Pac. 168; *Taylor*

*v. Canyon County,* 7 Ida. 171, 61 Pac. 521; *Hampton v. Board of Commrs., supra; Conger v. Board of Commrs., supra; Barnard v. Young, supra.*)

It follows that the judgment must be reversed, and it is so ordered. Costs to appellants.

Lee, C. J., and Givens, Varian and Leeper, JJ., concur.

Petition for rehearing denied.