518 P.2d 1003

**MARICOPA COUNTY, a body politic and corporate of the State of Arizona, Appellant,**

v.

Kenneth BIAETT and Irving H. Bahde, Jr., Partners, doing business under the firm name and style of Biaett & Bahde, Paul N. Marston, County Recorder, Maricopa County, State of Arizona, Appellees.

**No. 1 CA–CIV 2023.**

Court of Appeals of Arizona,
Division 1.

Feb. 7, 1974.

Holman & Lewis, by James R. Holman and John D. Lewis, Tempe, for appellant.

Biaett & Bahde, by Kenneth Biaett and Hewitt Biaett, Phoenix, for appellees.

## OPINION

HOWARD, Judge.

Does the Maricopa County Board of Supervisors have to pay from county funds the legal expenses of the county recorder incurred in a lawsuit by the recorder against the Board? That is the issue to be decided in this case.

In November of 1970, a dispute arose between the Maricopa County Board of Supervisors and the Maricopa County Recorder over the board's alleged usurpation of the recorder's statutory powers in regard to voter registrations. Finding that a lawsuit was the only way to resolve the differences, the county recorder asked the Maricopa County Attorney to represent him in an action against the board. The county attorney informed the recorder that, because of a conflict of interest, he could not provide the recorder with counsel. The county attorney then wrote the Attorney General of the State of Arizona requesting that the attorney general provide counsel for the recorder. The attorney general succeeded in securing Thelton Beck, the Yavapai County Attorney, as counsel for the recorder. Beck instituted an action on the recorder's behalf in Maricopa County against the Maricopa County Board of Supervisors. The board employed outside counsel and responded to the action. The recorder was subsequently advised by Beck that, for various reasons, Beck could no longer continue representing him in the action. The attorney general then told the recorder he should secure private counsel.

On December 3, 1970, the recorder wrote to the Maricopa County Attorney requesting a legal opinion concerning the power and authority of the county recorder, as an elected official, to expend budgeted funds and conversely the power and authority of the board of supervisors to reject the expenditure of budgeted funds by such elected official. The recorder also asked the county attorney for an opinion as to whether there must be sufficient money in the specific "sub-object line" in the category, such as services and supplies, rather than there being sufficient money in the entire category of services and supplies.

Pursuant to this request the Maricopa County Attorney issued its opinion 71–10. In this opinion the county attorney stated that the board of supervisors may not refuse the authority of a county officer to spend funds which are included in his budget so long as it is within an approved budget and the proper category has not been exhausted. The county attorney also stated that there need not be money in the "sub-object line" in order to qualify the expenditure, the sole test being whether or not the money is included within the approved category of "Services and Supplies."

After receiving the opinion the county recorder employed the lawfirm of Biaett & Bahde to represent him in the Maricopa County action. The lawfirm took over the prosecution of the case. A partial summary judgment was granted by the court and upon stipulation an order was subsequently signed by the court. As a result of the court action the county recorder was able to secure a judicial determination as to the legal relationship between the county recorder and the board of supervisors with respect to voter registrations and elections. The net result of the judicial determination was that the county recorder was able to gain control and supervision of the voter registration and election functions imposed by the various state statutes upon the county recorder. He was further able to obtain the necessary personnel to perform the statutory functions of the county recorder with respect to voter registration and elections.

The county recorder sought and approved, as department head, claims against Maricopa County made by the attorneys which represented him.[1] The total amount of the claim for attorneys' fees was $5,526.08. The Maricopa County Board of Supervisors refused to pay the claim which resulted in the filing of this action.

The attorneys-appellees moved for summary judgment supported by an affidavit as to the reasonableness of their fees. The affidavit of Kenneth Biaett set forth the number of hours spent in the case and the suggested minimum hourly rates of the advisory minimum legal fee guide as adopted by the board of directors of the Maricopa County Bar Association. This guide indicated $30 to $50 per hour as the minimum hourly rates for consultation, office services and court appearances other than trial. The affidavit also stated that the charge of $35 per hour was a reasonable charge based upon seven different factors enumerated therein as pertinent to the litigation in question.

The motion for summary judgment was opposed by the board of supervisors and supported by an affidavit by one of the members of the board of supervisors who is also a lawyer. This affidavit stated that the board of supervisors never employed the firm of Biaett & Bahde, did not fix their rate of compensation and as to the attorneys' fees, stated:

"That the time spent by the plaintiffs, Biaett & Bahde in Cause No. C–245102 was unreasonable, and the amount of fees charged for said time is unreasonable."

Appellees' motion for summary judgment was granted and judgment entered in their favor against the board of supervisors in the sum of $5,526.08.

This appeal is from the summary judgment and an earlier order of the court denying appellant's motion to dismiss appellees' complaint for failure to state a claim.

On appeal the board of supervisors claims that the court erred because (1) there is no statutory authority authorizing the payment as a county charge of attorneys' fees incurred by a county official in the employment of private attorneys to sue the board of supervisors; (2) that the matter of attorneys' fees was res judicata and (3) that there was an issue of fact as to the reasonableness of the attorneys' fees.

It is the position of the board that prior to employment of counsel in this case the recorder was required to secure the approval of the board and have the board set the terms of compensation for the attorney.

█ The rule concerning claims against the county are clearly set forth in Austin v. Barrett, 41 Ariz. 138, 141, 16 P.2d 12, 13 (1932):

"The first and principal rule to be followed, in determining whether a claim against a county is legal, is that the person making the claim must show some statute affirmatively authorizing it, ei-

___

1. There were ample funds in the recorder's budget under the general category "Services and Supplies" to pay the claim.

ther directly or by reasonable implication. [citation omitted] And the right of an officer to demand expenses incurred by him in the performance of his official duty is no exception to the rule. [citations omitted] All other considerations are subordinate to these."

■ We also agree with the proposition stated in Holdren v. Peterson, 52 Ariz. 429, 436, 82 P.2d 1095, 1098 (1938):

". . . counties may only pay legal, and not moral, debts, and an obligation which is forbidden by law, no matter how much it may be morally due, can never be legally binding."

Not only does appellant claim that there is no express statutory authority for the payment of the subject attorneys' fees, but in fact, the statutes require prior approval of the board. In support of this proposition appellant cites A.R.S. § 11–409:

"The county officers enumerated in § 11–401 may, by and with the consent of, and at salaries fixed by the board, appoint deputies, stenographers, clerks and assistants necessary to conduct the affairs of their respective offices. The appointments shall be in writing, and filed in the office of the county recorder."

■ We do not believe that A.R.S. § 11–409 is apposite to the facts of the case at bench. It merely refers to persons whose jobs are to conduct the normal affairs of the county recorder and not to outside professional services.

Appellant next refers us to the case of Clayton v. Barnes, 52 Idaho 418, 16 P.2d 1056 (1932) for the proposition that the county recorder had no authority to subject the county to liability for attorneys' fees. In Clayton v. Barnes, supra, the county assessor instituted a mandamus action against the county commissioners asking that the county commissioners be directed to meet and consider whether an emergency existed to provide the county assessor with additional funds in excess of the amount budgeted. The county assessor prevailed and the trial court decreed that a writ of mandamus issue requiring the commissioners to meet and adopt a resolution stating the facts constituting the emergency. Thereafter, the county assessor presented a claim for $250 attorneys' fees claiming that he had been compelled to employ an attorney to prosecute the mandamus proceedings, not being able to avail himself of the services of the county attorney. The claim was disallowed by the county commissioners and the county assessor then sued them for the attorney's fees. The Idaho court held that the county commissioners was the only body authorized to employ counsel. It based its decision on the maxim *"expressio unius est exclusio alterius"*. The court stated:

"* * * Section 6, article 18, of the Constitution, provides that: 'The legislature by general and uniform laws shall provide for the election biennially in each of the several counties of the state, of county commissioners, * * * a county assessor. * * * No other county offices shall be established. * * * The county commissioners may employ counsel when necessary. * * *'

. . . Section 6, art. 18, in providing that county commissioners may employ counsel when necessary is a limitation upon the authority of the county commissioners to employ counsel and a denial of the authority of all other county officials to do so. . . . where a statute enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned; and where it directs the performance of certain things in a particular manner, or by a particular person, it implies that it shall not be done otherwise nor by different person."

Appellant argues that A.R.S. § 11–251 makes the facts of the case *sub judice* similar to the facts in Clayton v. Barnes, supra.

A.R.S. § 11–251 provides in part as follows:

"The board of supervisors, under such limitations and restrictions as are prescribed by law, may:

14. Direct and control the prosecution and defense of all actions to which the county is a party, and compromise them."

Interpreting the forerunner of this statute our Supreme Court in County of Santa Cruz v. Barnes, 9 Ariz. 42, 48, 76 P. 621 (1904), stated:

"While the power (to employ attorneys) is not expressly conferred, yet it is obviously embraced in the general power 'to control the prosecution and defense of all suits to which the county is a party,' which we construe to mean not only suits to which she is a party upon the record, but all suits in the prosecution or defense of which she has or supposed to have an interest; and in the further power 'to do and perform all such other acts and things as may be strictly necessary to the full discharge of the powers and jurisdiction conferred on the board."

■ Thus, in Arizona, the power to employ counsel on the part of the board of supervisors is implied rather than explicit. Any comparison between the Arizona statute and the statute in Clayton v. Barnes, supra, is inappropriate and the maxim "*expressio unius exclusio alterius*" is not applicable.

■ A.R.S. § 11–601(2) provides in part that necessary expenses incurred in the conduct of the office of a county official is a county charge. We hold that under the circumstances of this case the legal expenses incurred by the recorder were such "necessary expenses" as to make them a county charge. To hold otherwise would leave the recorder at the complete mercy of those desirous of improperly usurping his functions.

■ Appellant contends that even if the court finds the legal expense to be necessarily incurred in the conduct of the office of the county recorder, since the sub-items entitled "legal services" under "Services & Supplies" was left blank, the claim cannot be allowed. This issue was not presented to the trial court. It is raised for the first time on appeal and we shall therefore not consider it.[2]

■ Appellant contends that the issue of attorneys' fees is res judicata since it could and should have been raised in the recorder's suit against the board of supervisors. We do not agree. Since the attorneys' fees were incurred as a necessary expense in the conduct of the office it is to be processed as any other claim against the county. See A.R.S. § 11–621 et seq.

■■ Appellant's contention that there was an issue of fact as to the reasonableness of the attorneys' fees precluding summary judgment is equally without merit. Mere conclusions of ultimate facts and law do not satisfy the requirement that specific facts be set forth which show a genuine issue of material fact to be decided at trial. Rule 56(e), Ariz.R.Civ.P., 16 A.R.S.; Harmon v. Szrama, 102 Ariz. 343, 429 P.2d 662 (1967); Elerick v. Rocklin, 102 Ariz. 78, 425 P.2d 103 (1967). The allegations in appellant's affidavit in opposition to summary judgment that the attorneys' fees were "unreasonable" and that the time spent on the case by the attorneys was unreasonable were unsupported by any facts. The affidavit was therefore insufficient to meet the requirements of Rule 56(e) and failed to overcome the motion for summary judgment.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).

---

2. As for the validity of this contention see Isley v. School District No. 2 of Maricopa County, 81 Ariz. 280, 305 P.2d 432 (1956).