(May  22,  1902.)

# MAHONEY v. BOARD OF COUNTY COMMISSIONERS.

### [69 Pac. 108.]

APPEALS—BOARD OF COMMISSIONERS—HOW HEARD.—Appeals under section 1779 of the Revised Statutes, as amended by Laws of 1899, from the action of board of county commissioners to the district court, must be tried anew.

NEW TRIAL.—The district court in such cases has no authority to hear or grant a motion for a new trial, and there is no appeal from an order of the court denying a new trial in such cases.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE.—Under the provisions of section 4807, as amended by the Laws of 1899, an appeal may be taken from the judgment of the district court on an appeal from an order or decision or action of the board of county commissioners within ninety days after the entry of such judgment, but under the provisions of said section, an exception to the decision on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Alfred A. Fraser and Will Shaw, for Appellants, cite no authorities upon the points decided.

W. B. Heyburn, R. N. Dunn and C. W. Beale, for Respondent.

Motion to dismiss. In an action brought under the provisions of sections 1776, 1777, 1778 and 1779 of the Revised Statutes, as amended by the act of February 14, 1899, the law does not permit a party against whom judgment is entered in the district court to move for a new trial; he must seek his remedy by appeal. The general rule is that where special jurisdiction is conferred upon a court or board to determine certain specified controversies, and no provision is made for the review by said tribunal of its judgments, when it has once determined the matter its jurisdiction is exhausted. (*Belser v. Hoffschneider,* 104 Cal. 455, 38 Pac. 312.) In special pro-

ceedings, of which this is one, the courts do not derive their jurisdiction from common law, but from special statutes giving jurisdiction in special cases. This special authority being granted, it is accompanied usually by provisions for a summary and special hearing of the case. These provisions are in lieu of the general provisions relative to the trial of cases. If the statute makes the decision of the district court final, it cannot be appealed from. If the statute gives the right of appeal, then that is the only method of review. Unless the granting of the right to move for a new trial is expressly given, no such right exists. There is no right of trial by jury in special proceedings. (*Bateman v. S. & S. R. R. Co.,* 3 Paige, 305; *Matter of Beekman Street,* 20 Johns. 269.) But fortunately we have a case which is almost directly in point with the case at bar. (*Dorsey v. Barry,* 24 Cal. 449.) Motion to dismiss appeal from judgment. Section 1777 of the Revised Statutes, as amended by the act of February 14, 1899, provides that "from the decision of the district court or judge, either party may within five days appeal to the supreme court." The time within which the appeal must be taken is provided by statute, and if it is not taken within that time, the appeal must be dismissed. The statute provides that an appeal in a case of this kind must be taken within five days. Neither the court nor the parties by stipulation can extend this time. This court has passed upon the question in the cases of *State v. Davis,* ante, p. 115, 66 Pac. 932; *State v. Smith,* 5 Idaho, 291, 48 Pac. 1060; *State v. Dupuis,* 7 Idaho, 614, 65 Pac. 65.

SULLIVAN, J.—This is an appeal from a judgment of the district court of Shoshone county affirming the action of the board of county commissioners of said county authorizing the sheriff to appoint eight additional deputies. On the entry of said judgment a motion for a new trial was made, and denied by the court. This appeal is from said judgment and order denying the motion for a new trial, and was perfected eighty-eight days after the entry of said judgment.

A motion was made in this court to dismiss said appeal from the order denying a new trial on the ground that in an action

brought under the provisions of sections 1776-1779 of the Revised Statutes, as amended by the act of February 14, 1899, the law does not permit a party against whom judgment is entered to move for a new trial; that his remedy is to appeal. Said section 1779 is as follows: "Upon the appeal, the matter must be heard anew and the act, order or proceeding so appealed from may be affirmed, reversed or modified; and, from the decision of the district court, or judge, either party may, within five days, appeal to the supreme court. Either of said courts, or said judge, may make any rules necessary to a proper and speedy hearing in such appeals." Said section provides that on appeals like the one at bar the matter must be heard anew. There is no provision of law authorizing a new trial to be granted in such cases as the one at bar. There is, therefore, no appeal from the order refusing to grant a new trial, and said motion must be sustained.

That leaves the case for consideration on the appeal from the judgment. It is contended that under the provisions of section 4807 of the Revised Statutes, the evidence cannot be reviewed on the ground that the decision is not supported by the evidence, unless the appeal is taken within sixty days after the entry of judgment, and that, as this appeal was not taken within that time, the evidence cannot be reviewed on this appeal. Said section, as amended, provides that an appeal may be taken to the supreme court from the district court from a judgment rendered on an appeal from an order, decision or action of the board of county commissioners within ninety days after the entry of the judgment, but that an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment. That being so, and as this appeal was not taken within sixty days after the rendition of said judgment, the evidence cannot be reviewed on this appeal.

No error appearing on the face of the judgment-roll, the judgment must be affirmed, and it is so ordered. Costs are awarded to respondents.

Quarles, C. J., and Stockslager, J., concur.