(June 8, 1909.)

PAUL H. WALKER et al., Appellants, **v.** ELMORE COUNTY, Respondent.

[102 Pac. 389.]

MOTION TO DISMISS—EVIDENCE—REVIEW OF ON APPEAL FROM JUDGMENT —WATER-MASTER WHEN TO COMMENCE WORK—STATUTE MANDATORY.

1. Under the provisions of subd. 1, sec. 4807, Rev. Codes, 1909, unless the appeal from the judgment is taken within sixty days, an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed.

2. Said subdivision does not apply to an appeal from a judgment rendered on an appeal from an inferior court or tribunal.

3. Under the provisions of sec. 3278, Rev. Codes, 1909, a water-master has no authority to begin work as water-master until he has been called upon by two or more owners or managers of ditches or persons controlling ditches in his district, by application in writing stating that there is a necessity for the use of water.

4. Said statute is mandatory and the water-master cannot recover for services as such water-master unless the services were rendered after such written application has been presented to him.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Edward A. Walters, Judge.

Appeal from a judgment affirming the action of a board of county commissioners in allowing the claim of a water-master for his services. *Reversed.*

W. C. Howie, for Appellants.

While this court has held in *Mahoney v. Board*, 8 Ida. 375, 69 Pac. 108, that on such an appeal as this the evidence cannot be reviewed unless the appeal is taken within sixty days, yet the report of this case shows that the appellants cited no authority upon any of the points decided, and a careful examination of the case fails to show any authorities cited on that particular point by the attorney or by the court itself.

A careful examination of sec. 4807 of the Code shows that the clause providing that the evidence cannot be reviewed on an appeal unless the appeal is taken within sixty days after the rendition of the judgment is a proviso, attached to the clause providing for appeals from judgments in actions commenced in the district court and does not apply to this case at all. An exception or a proviso is confined to the matter immediately preceding it in that section, unless there is something in the language or the nature of the law which shows that it was the purpose of the legislature to give it a broader effect. (*Bull v. Kirk*, 37 S. C. 395, 16 S. E. 151; *Spring v. Collector*, 78 Ill. 101; *Commonwealth v. Kelly*, 177 Mass. 221, 58 N. E. 691; *Leader Printing Co. v.*

*Nichols,* 6 Okl. 302, 50 Pac. 1001; *Dorsey v. Barry,* 24 Cal. 449; *Sutton v. People,* 145 Ill. 279, 34 N. E. 420; *Pearce v. Bank of Mobile,* 33 Ala. 693; *D'Graff v. Went,* 164 Ill. 485, 45 N. E. 1075; *Lehigh Co. v. Meyer,* 102 Pa. 479; *Cushing v. Worrick,* 9 Gray (Mass.), 382; 2 Lewis' Sutherland Stat. Cons., sec. 352.)

D. C. McDougall, Attorney General, J. F. MacLane, and J. H. Peterson, Assistants, for Respondent.

This court has held that the provision of the statute (sec. 4807, Rev. Codes) that an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment, applies to an appeal from the district court from the action of the board of county commissioners. (*Mahoney v. Board,* 8 Ida. 377, 69 Pac. 108.)

SULLIVAN, C. J.—This is an appeal from a judgment of the district court rendered on an appeal from the action of the board of county commissioners of Elmore county, approving the water-master's report and allowing his bill for services as water-master of Cold Springs creek in said county.

*In limine,* we are met with a motion to strike out all that part of the transcript containing the evidence in the case, on the ground that the appeal was not taken within sixty days from the rendition of the judgment; that the record shows that the judgment was made and entered April 6, 1908, and the appeal was not taken until July 3, 1908. This motion is based on the provisions of sec. 4807, Revised Codes. Subd. 1 of said section provides that an appeal may be taken to the supreme court from a district court "from a final judgment in an action or special proceeding commenced in the court in which the same was rendered, within one year after the entry of judgment; but an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on appeal from the judgment unless the appeal is taken within sixty days after the ren-

dition of the judgment." Those provisions apply to appeals from a final judgment in an action or special proceeding "commenced in the court in which the same is rendered." As the judgment appealed from was rendered by the district court on an appeal from the board of county commissioners, it does not come within the provisions of said subdivision, as those provisions apply only to appeals in actions that were commenced in a district court. The provisions of said subdivision of the statute do not apply to appeals rendered on an appeal from an inferior court or tribunal. The rule laid down by this court in *Mahoney v. Board,* 8 Ida. 375, 69 Pac. 108, is hereby overruled. The motion to dismiss must therefore be denied.

We will now proceed to dispose of the case on its merits.

It appears from the record that the water-master, one Herman G. Rapp, first began work as such water-master upon the oral request of one of the water users only, and charged such work up against all of the users, and afterward began to work at the oral request of three or four of the water users, and no written request was ever made for him to begin work. The appellants never joined in or asked the water-master to begin work. Counsel for appellants contends that the water-master had no legal authority to commence work for the reason that no request was ever made in writing for him to do so, and cites in support of that contention the law in force at that time governing water-masters, sec. 3278, Rev. Codes, and Sess. Laws, 1903, p. 223, sec. 27. Said section provides that the "water-masters shall not begin their work until they have been called upon by two or more owners or managers of ditches . . . . by application in writing, stating that there is a necessity for the use of water and they shall not continue performing services after the necessity therefor shall cease." Said statute is mandatory and means just what it says. A water-master has no legal authority to begin his work as water-master until he has been called upon by two or more owners or managers of ditches or persons controlling ditches in his district by application in writing, stating that there is a necessity for the use of water. Until

that is done, the water-master has no authority whatever to begin work as a water-master. Said water-master having no authority whatever to begin work as such water-master could not draw pay as water-master. The legislative intent evidently in enacting said statute was to prevent water-masters from beginning their work until called upon by an application in writing signed by two or more of the persons therein designated. There appears to us good reason for said provisions of the statute, but even if there were not, the legislature has spoken and its language is too plain to admit of construction, and under it no water-master is entitled to pay until his term of service begins as provided by the provisions of said section. The water-master himself testified in this case and testified that no such written application was ever presented to him. He therefore was not entitled to receive any compensation from these appellants, as they did not orally or otherwise request him to begin his work as water-master. Those who employed him orally may be liable for whatever compensation the water-master may be entitled to, but these appellants are not liable for any services rendered at the oral request of others.

The rule of estoppel is invoked by counsel for respondent to the effect that as appellants remained silent knowing that Herman G. Rapp was acting as water-master, they are estopped from now invoking the provisions of said sec. 3278. There is nothing in that contention, as the appellants were not bound to notify the water-master that he could not legally act as water-master until an application in writing was presented to him, under the provisions of said sec. 3278. He was presumed to know that he had no right or authority to commence work until written application was made to him to do so.

As the decision of this one question settles this case, it is not necessary for us to decide the other question presented and we do not decide it.

The judgment of the district court must be reversed and the cause remanded, with instructions to enter judgment re-

versing the action of the board of county commissioners in its allowance of said water-master's claim. Costs of this appeal are awarded to the appellants.

Stewart and Ailshie, JJ., concur.