(February 27, 1895.)

## FISHER v. BOARD OF COUNTY COMMISSIONERS OF BANNOCK COUNTY.

[39 Pac. 552.]

WRIT OF ERROR—APPEAL FROM COUNTY COMMISSIONERS TO DISTRICT COURT TRIED ANEW—TRIAL BY JURY.—On an appeal from an order of the county commissioners, the cause must be tried anew in the district court, and the court may submit the issues to a jury.

EVIDENCE TO PROVE ISSUE.—The court did not err in receiving evidence as to whether C. was actually and necessarily engaged in the transaction of county business for the days charged, that being the issue in the case.

SAME.—On the trial in the district court, all evidence pertinent to the issues should be received.

COMPENSATION OF COUNTY COMMISSIONERS.—A county commissioner under an act of the legislature approved February 23, 1893, Second Session Laws, 39, is permitted to charge and receive six dollars per day for each day actually and necessarily engaged in the transaction of county business, the total of which compensation shall not exceed $500 per annum.

(Syllabus by the court.)

WRIT of error to District Court, Bannock County.

Hawley & Puckett and D. C. Lockwood, for Plaintiff in Error.

All statutory proceedings and rights which did not exist at common law are without the guaranty of trial by jury. The right of jury trial applies only to rights and proceedings which existed at common law. (*Kimball v. Connor*, 3 Kan. 414; *Plimpton v. Somerset*, 33 Vt. 283.) Certain summary proceedings or inquisitions by the state have been held not to be within the guaranty of trial by jury. (*Crandell v. James*, 6 R. I. 144; *Harper v. Commissioners*, 23 Ga. 566; *Rankin v. Jauman*, ante, p. 53, 36 Pac. 501; *Rupert v. Board of County Commrs.*, 2 Idaho, 19, 2 Pac. 718; *General Custer Min. Co. v. Van Camp*, 2 Idaho, 40, 3 Pac. 22.) The act of February 23, 1893, page 40 of the Laws of Second Session, allows each member of the board of county commissioners six dollars for each day actually and necessarily engaged in transacting county business, and if the meeting is necessary and is held, the mem-

ber attending it is entitled to his *per diem* whether the board remains in session ten minutes or ten hours. (*White v. Dallas County,* 87 Iowa, 563, 54 N. W. 368.)

R. P. Quarles, W. C. Love, and P. E. Keller, for Defendants in Error.

The statute only allows county commissioners *per diem* compensation for time actually and necessarily engaged in transacting county business. Whether the nineteen days charged by plaintiff in error, J. O. Caldwell, were actually and necessarily devoted to the business of the county the district court could only ascertain by the manner in which the court inquired into it, viz., by hearing evidence relative thereto. We contend that this is proper, otherwise the right of appeal given the defendants in error as taxpayers would be ineffectual, and the object of the statute entirely defeated.

A. W. Fisher and others appealed from an order of the county commissioners of Bannock county from an allowance of a claim to J. O. Caldwell. The judgment of the commissioners was reversed, and the board of county commissioners and J. O. Caldwell bring error. Affirmed.

This cause was taken to the district court of Bannock county by appeal from an order of the board of county commissioners of said county allowing J. O. Caldwell, a member of said board, $150.40, mileage and *per diem* compensation for services as a member of said board, and was brought to this court by writ of error. In the trial of the cause in the district court two questions were submitted to the jury, and a special verdict found by them, on which verdict judgment was entered reducing the claim from $150.40 to $90.40. The record shows that the reduction was made by refusing to allow the claim of Caldwell, defendant in error, for ten days' services, at six dollars per day, that had been allowed by said board. It appears from the record that said board adjourned from day to day for many days, awaiting a decision of the supreme court in a case there pending in which Bannock county was interested, claiming that said board could not make the annual tax levy until said decision was made, and for that reason adjourned from day to day, as above stated.

SULLIVAN, J.   (After Stating the Facts.)—The plaintiffs in error contend, first, that the court erred in submitting the case to a jury.   Section 1776 of the Revised Statutes provides for appeals from the action of the board of county commissioners to the district court, and section 1779 provides that the case on appeal must be heard anew.   Section 4369 of the Revised Statutes of 1887 provides that in certain cases issues of fact must be tried by a jury, unless a jury trial is waived.   The case at bar comes within the provisions of said section, and the court did not err in submitting the case to a jury.   Section 4396 provides that in a certain class of cases the jury may, in their discretion, render a general or special verdict.   The case under consideration comes within that class.

. It is further contended that the court erred in receiving any evidence on the trial of the case.   There is nothing in this contention.   The case, after appeal to the district court, must be tried anew; and the issue being whether Caldwell, the defendant in error, had been actually and necessarily employed in the discharge of his duties as a county commissioner for the nineteen days mentioned, and for which the board had allowed *per diem* compensation of six dollars, any pertinent evidence upon that issue was admissible.   The act of February 23, 1893 (2d Sess. Laws, p. 40), allows each member of the board of county commissioners six dollars per day for each day actually and necessarily engaged in the transaction of county business, and, unless the commissioners are actually and necessarily so engaged, they are not entitled to their *per diem* compensation.

It is further contended that the notice of appeal was fatally defective, in that it does not specify wherein or how the allowance of the said claim for services was illegal or prejudicial to the public interests.   The notice states that the appeal is taken from the order of the board allowing John O. Caldwell's claim for services as county commissioner alleged to have been rendered between the ninth day of April, 1894, and the eighth day of June, 1894, in the sum of $150.40, on the ground that said allowance was illegal, and prejudicial to the public interests.   The defendants in error appeared in the district court, and moved to have the plaintiffs in error specify specific grounds of appeal.   Thereupon the plaintiffs in error made specific the

grounds of the appeal by filing a specific statement thereof, alleging that during the time for which the board allowed defendant Caldwell for services he was not actually and necessarily engaged in transacting county business. The record shows that the plaintiff in error could not have been in any manner prejudiced by reason of the notice of appeal not being more specific, and therefore is not injured.

We have carefully considered the contention of plaintiffs in error in regard to the refusal of the court to give certain instructions, and fail to find any error. The question involved was submitted to a jury, and they found that Caldwell, plaintiff in error, had been allowed *per diem* compensation for ten days more than he had actually and necessarily been engaged in the transaction of county business. There is evidence in the record sufficient to sustain the verdict. The judgment of the district court is affirmed, with costs of this appeal in favor of defendants in error.

Morgan, C. J., and Huston, J., concur.