(July 29, 1926.)

## C. E. CRIDDLE, Respondent, v. BOARD OF COMMIS-SIONERS OF BONNEVILLE COUNTY, IDAHO, Appellant.

[248 Pac. 465.]

COUNTIES—COUNTY BOARD OF COMMISSIONERS—JURISDICTION TO FIX SALARIES.

1. County board of commissioners may fix salaries of officers under C. S., sec. 3699, on information naturally coming to it on account of performance of its duties, and need not hear evidence before making order.

2. Under C. S., sec. 3699, board of commissioners has jurisdiction to fix salaries of county officers, and district court on appeal therefrom may only determine whether board abused its discretion.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. Ralph W. Adair, Judge.

Judgment fixing salaries of county officers. *Reversed.*

Otto E. McCutcheon and A. D. Erickson, for Appellants.

In fixing salaries under provisions of C. S., sec. 3699, the commissioners exercise a judicial discretion. (*Reynolds v. Commissioners,* 6 Ida. 787 at 791, 59 Pac. 730.)

The true question to be determined on the appeal is, did the board of commissioners abuse the discretion vested in it by making the order? (*Reynolds v. Commissioners, supra; Stookey v. Commissioners,* 6 Ida. 542 at 548, 57 Pac. 312.)

No order made in the exercise of discretion will be reversed on appeal, except that it clearly appears from the record that there was, as a matter of law, an abuse of legal

Publisher's Note.

2. See 7 R. C. L. 942.

See Counties, 15 C. J., sec. 173, p. 506, n. 97; p. 507, n. 5.

discretion.   (18 R. C. L. 124, sec. 38; 22 R. C. L., p. 490, sec. 170; 29 Cyc. 1432, sec. 3.)

On an appeal from an order of the board of county commissioners, where they are vested with discretionary power, the court may pass on questions of law only, and not the facts upon which the board exercised its discretion. (*Sullivan v. Commissioners*, 22 Ida. 202 at 209, 125 Pac. 191.)

The judgment and discretion of the county commissioners cannot be supplanted and displaced on appeal by that of another officer in the person of the district judge. For the legislature deemed it necessary to submit this question to the judgment and discretion of some official board or body and so it concluded that the board of commissioners was the proper body. (*Sullivan v. Board of County Commissioners, supra.*)

Harry Holden, C. E. Crowley and E. M. Holden, for Respondents.

On appeal from such order the matter must be heard anew in the district court and the order appealed from may be approved, reversed or modified. (C. S., sec. 3512; *Feltham v. County Commissioners of Washington County*, 10 Ida. 182, 77 Pac. 332; *Feltham v. County Commissioners*, 28 Ida. 269, 153 Pac. 562.)

In *Washington County v. National Bank of Weiser*, the board of county commissioners exercising their discretion, and after due hearing, made and entered an order equalizing the assessed valuation of certain property. This order was appealed from as in the instant case. The district court, pursuant to C. S., sec. 3512, heard and tried the case *de novo* and modified the order of the board. This action of the district court was approved on appeal. (*Washington County v. National Bank of Weiser*, 35 Ida. 438, 206 Pac. 1054.)

WM. E. LEE, J.—C. S., sec. 3699, makes it the duty of the board of county commissioners, at its April session, next preceding any general election, to "fix" the annual

salaries of the various county officers, except prosecuting attorney, for the term commencing on the second Monday in January after such session, and prohibits the board from fixing the salary of any such officer in a greater sum than the maximum or less than the minimum therein stated. At the April, 1924, session, the board of commissioners of Bonneville county fixed the salaries of all the county officers named in the section, except prosecuting attorney, to be paid during the biennium commencing on the second Monday in January thereafter. With respect to certain offices, the amounts fixed were lower than were then being paid. Three appeals were taken from the action of the board to the district court. That court heard testimony, admitted documentary evidence, made findings of fact, conclusions of law and entered judgment in favor of respondent and against the county in each case, directing that the order be modified by increasing the salaries lowered by the order of the board, to the scale paid during the then existing biennium, except as to the office of probate judge, the salary of which the court raised $200 more than the county had ever paid the incumbent of that office and $300 more than was fixed in the order of the board.

It is suggested that the evidence admitted by the trial court was insufficient to justify the findings of fact and that there was error in concluding that the board had abused its legal discretion in making the order.

The legislature has made it the duty of the board of county commissioners to fix the salaries to be paid to the incumbents of the various county offices (except county commissioners), and the only statutory requirements are the time when such action shall be taken and the maximum and minimum limitations within which each salary shall be fixed. In these respects, the board complied with the statutory requirements. Therefore, *Smith v. Canyon County, etc.*, 39 Ida. 222, 226 Pac. 1070, has no application. In *Reynolds v. Board of Commissioners*, 6 Ida. 787, 59 Pac. 730, which appears to have been determined on the ground

that the findings were insufficient, this court said that in fixing the salaries of county officers,

"They (the board) are called upon to exercise a judicial discretion, and to act so as to carry out the intent of the statute, with due regard for the rights and interests of both office-holder and taxpayer."

And further,

"The true question to be determined on the appeal is, did the board of commissioners abuse the discretion vested in it in making the order in question? . . . . The action of the board should not be disturbed unless there is a clear abuse of discretion, . . . ."

The court found that, in fixing the salary of the office of sheriff, the board "did not take into consideration the character of the services to be performed; amount of labor to be performed; the dangers or responsibilities of said office; the time required in the performance of said duties; the fact that the office is self sustaining and not a burden upon the taxpayers; did not take into consideration the surrounding circumstances as affecting the cost of living at the county seat in a manner compatible with the dignity of the office of sheriff; and did not know at the time of the making said order what were the statutory duties of the office of sheriff." The findings with respect to the other offices are substantially the same.

[1] The commissioners heard no evidence before making the order. The only knowledge of the facts the board had before it in making the order is gleaned from the testimony of one member of the board, from which it appears that it had the reports of the officers and auditors and that information that naturally comes to it on account of the performance of its duties: The board supervises the official conduct of all the county officers; it authorizes the employment of necessary clerks and assistants and fixes their salaries; it passes on claims against the county and makes the tax levy to bring funds into the treasury with which to pay the county's expenses. The testimony of the one member of the board shows that, while the board may not have

possessed as full a knowledge of the duties of the various officers as it would have been possible to acquire, it did have a general comprehension of the statutory duties of the various officers, the time and labor required in their performance, the character of the services required as well as the responsibilities imposed. Inquiries were made with respect to salaries paid by business concerns for assistants, the cost of living, and salaries paid to like officers of other counties of the state. Among those who testified were the incumbents of certain of the offices. The weight of the evidence undoubtedly was that the salaries should not have been lowered.

[2] Had jurisdiction to fix salaries in the first place been in the trial court no doubt the evidence would sustain the amounts found by it to be proper. But, as has been stated, the law placed this duty on the board, and the duty of the trial court was to determine if the board abused its discretion. Viewed from this aspect, it would seem that in requiring the board to fix the salaries of county officers, the legislature must have had in mind the fitness of the board for such purpose, the legal duties of the members of the board and the knowledge naturally acquired by them in performing such duties. On this account, and in the absence of a requirement that in fixing such salaries the board must take any specific facts into consideration, it may be reasonably concluded that the legislature intended that the board would, from its own knowledge of the county's business, and from a fair consideration of all the facts and circumstances relating thereto, fix the salaries pertaining to such county officers within the legal limitations and at such sums as would be fair and just to the holders of the offices on the one hand and the county on the other. It would seem to have been well said in the Reynolds case, therefore, that the action of the commissioners involves the exercise of discretion and that the question for determination by the courts, when such an order is appealed from, is whether the board, in making the order abused its discretion.

The discretion in the matter is specifically vested in the board, and an abuse of the board's discretion is not shown by the fact that the able trial judge would have exercised the discretion differently had it been reposed in him. (*Sullivan v. Board of Commrs.*, 22 Ida. 202, 125 Pac. 191.) On the contrary, an abuse of discretion occurs when the tribunal or board, charged with its exercise, "exceeds the bounds of reason, all the circumstances before it being considered." (*Independent Steel & Wire Co. v. New Mexico Cent. R. Co.*, 25 N. M. 160, 178 Pac. 842; *Sharon v. Sharon*, 75 Cal. 1, 16 Pac. 345; *Root v. Bingham*, 26 S. D. 118, 128 N. W. 132.) "An abuse of discretion . . . . is really a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." (*Murray v. Buell*, 74 Wis. 14, 41 N. W. 1010.) The supreme court of Wisconsin, in *Northern Trust Company v. Snyder*, 113 Wis. 516, 90 Am. St. 867, 89 N. W. 460, said:

"Where it rests in the discretion of the county board to determine what is a reasonable compensation, the court should not revise their action in the absence of clear evidence of such manifest abuse of power and disregard of the statute as to show that the board failed to exercise a legal discretion, . . . . " See, also, *Turner v. First Nat. Bank of Bancroft, ante*, p. 597, 248 Pac. 14.

In view of all the facts and circumstances it does not appear that the salaries fixed were so inadequate as to constitute an abuse of discretion. The question is not what we think these salaries ought to be or what the able trial judge thought they should be, but is rather, all the circumstances being considered, whether the order of the board clearly exceeded the bounds of reason and constituted such an abuse of power as to show that the board failed to exercise a legal discretion. We hold that the evidence adduced in the trial court fails to show that the board abused its discretion.

Judgment reversed. Costs to appellant.

William A. Lee, C. J., and Givens and Taylor, JJ., concur.

BUDGE, J., Dissenting.—The board of county commissioners of Bonneville County, in fixing the salaries of various county officers, as required to do by statute (C. S., sec. 3699), lowered the salaries of certain of such officers, and from the action of the board appeals were taken to the district court. After a hearing in the district court the order of the board of commissioners was modified and the salaries increased, or put back to the scale in effect before the board made its order decreasing them, with the exception of the office of probate judge, the salary of which the court increased $300 more than was provided for by the board.

It is contended on the appeal here that the district court erred in amending the order theretofore made by the commissioners, in that there was not sufficient evidence introduced at the trial to justify the court in holding that the board had abused its legal discretion in fixing the salaries, and that the district judge substituted his discretion and judgment for the discretion of the commissioners.

C. S., sec. 3509, provides that an appeal may be taken from any act, order or proceeding of the board of county commissioners, and C. S., sec. 3512, provides that upon the appeal the matter must be heard *anew,* and the act, order or proceeding so appealed from may be affirmed, reversed or modified.

Under the section last above mentioned (C. S., sec. 3512) it has been held that evidence should be received on the issue involved. (*Fisher v. Commrs. of Bannock County,* 4 Ida. 381, 39 Pac. 552; *Latah County v. Hasfurther,* 12 Ida. 797, 88 Pac. 433.) It has been said that "heard anew," as used in the statute, means that the cause shall be retried in the district court as though originally brought in said court. (*Gardner v. Blaine Co.,* 15 Ida. 698, 99 Pac. 826.)

The district court heard evidence upon the matter and the commissioners did not. The court found, from the evidence, that the commissioners did not take into considera-

tion many things concerning the duties and responsibilities of the different offices.

In an early case upon the same question, *Reynolds v. Board of Commrs.*, 6 Ida. 787, 59 Pac. 730, this court said: " . . . . the interests of all—both office-holder and taxpayer—demand that salaries should be fixed at such sums as will reasonably compensate each officer for his time and labor, taking into consideration the qualifications necessary to be possessed by each county officer, and the responsibilities of his office. All of these matters should be carefully investigated and determined by the board of commissioners. The board should exercise the discretion vested in it with due regard for the rights of all parties concerned. It was not intended by the legislature that the action of the board of commissioners should be final, or that such board might act arbitrarily, through mere whim or caprice."

The board is vested with judicial discretion, and is called upon to exercise that discretion in acting under the particular statute here involved. Discretion may be said to be nice discernment, and judgment directed by circumspection. In concluding that the board of commissioners failed to use discretion, or abused its discretion, it is proper to infer that the court was of the opinion that the decision of the board was against reason and evidence.

"An abuse of discretion . . . . is really a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." (*Murray v. Buell*, 74 Wis. 14, 41 N. W. 1010.)

In using discretion, therefore, it would appear to be the duty of the board to make *proper* investigation of the peculiar circumstances of the case concerning which it proposes to take action,—in the case at bar to take into consideration the qualifications and responsibilities of the different offices, the amount and character of the labor to be performed, etc.

The statement is contained in the majority opinion that "the weight of the evidence undoubtedly was that the salaries should not have been lowered." Evidence is one of

the things to be considered by the court in determining whether or not there has been an abuse of discretion, and if upon the trial anew in the district court evidence is produced which shows that the board did not properly exercise its discretion and that its order was against what was reasonable in the premises, then it would seem to be the logical and sensible thing to do to have the order reversed and allow the board to make the right kind of investigation, with sufficient information before it, in order to act intelligently, or affirm the judgment of the district court.