(No. 7036. September 17, 1942.)

ROY J. DYGERT, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF CARIBOU COUNTY, Respondent.

[129 Pac. (2d) 660.]

R. J. Dygert for appellant.

A. A. Merrill and L. H. Merrill for respondent.

BUDGE, J.—Appellant addressed to the Board of County Commissioners of Caribou County the following undated instrument:

## "TO THE HONORABLE BOARD OF COUNTY COMMISSIONERS OF CARIBOU COUNTY, IDAHO, GENTLEMEN:

"Pleased be advised that the criminal and civil business of the County and of this office requires the appointment of a competent stenographer to act as County Stenographer. That it has been necessary since I have been in office to have such a stenographer. That heretofore I have employed such a stenographer who has taken care of the County business and the County has not in 9 years made any contribution toward her compensation. For three months the County business has been so heavy as to take all of her time and this condition will probably continue for some time.

"There is now on the calendar the Coppard case and the Hayes Bond case. There is a case of Perjury that this office will need to take part in and may be required to prosecute. At this time it will be necessary that the salary of the County Stenographer be fixed at at least $25.00 per week in order that a competent person may be obtained.

"You are therefore respectfully requested to provide for the employment of a County Stenographer and fix the salary of such office at at least $25.00 per week.

"Respectfully submitted,
"R. J. Dygert,
"Prosecuting Attorney."

In the transcript, the following minute entry of the Board of County Commissioners appears:

## "MINUTE ENTRY

## "ORDER FOR PART TIME STENOGRAPHER FOR COUNTY ATTORNEY AND FIXING COMPENSATION:

"WHEREAS, R. J. Dygert, prosecuting attorney of Caribou County, Idaho, has petitioned the Board of County Commissioners for a County Stenographer; and

"WHEREAS, the Board of County Commissioners has thoroughly investigated the amount of stenographic work necessary in the Prosecuting Attorney's office finds that the work in said Prosecuting Attorney's office is not sufficient for the employment of a full time stenographer, but that a stenographer employed on the basis of two days out of each week can reasonably handle all necessary work in said office;

"NOW, THEREFORE, IT IS ORDERED that R. J. Dygert, Prosecuting Attorney be, and he is hereby authorized to employ a County Stenographer under and by virtue of Section 30-2108[1], 30-2109[2], I. C. A. 1932 not to exceed a total of two days out of each week, the time of employment during said week to be at the discretion of the said Prosecuting Attorney.

---

Note 1: "COUNTY STENOGRAPHERS — Compensation. — The board of county commissioners of any county in this state may if they deem it advisable for the best interests of the county, employ a competent stenographer at a compensation, to be fixed by said board, to take and transcribe testimony at preliminary hearings or examinations. When such board determines to employ said stenographer it shall make entry to such effect and which shall be in force until repealed by said board."

Note 2: "COUNTY STENOGRAPHER—Duties.—Said stenographer shall be under the control and direction of the prosecuting attorney of the said county, and it shall be the duty of the said stenographer to be present at all preliminary examinations when so requested by the prosecuting attorney, to take and transcribe the testimony of all such witnesses in said examination, and to certify the same as true and correct, * * *. Said stenographer shall also perform such other duties as may be required by the prosecuting attorney in the conduct of his office, and other county business."

"IT IS FURTHER ORDERED that the compensation of said part time Stenographer shall be, and the same is hereby fixed at $6.25 per week, or $25.00 per month.

"Dated this 11th day of February, 1942.

"Board of County Commissioners."

From the above order, appellant appealed to the district court of the fifth judicial district. On March 24, 1942, the cause came on regularly for hearing before C. J. Taylor, presiding judge, whereupon evidence was presented by both appellant and respondent. At the conclusion thereof, the court made the following findings of fact and conclusion of law:

"1. At a meeting of the Board of County Commissioners of Caribou County, regularly and legally held on the 11th day of February, 1942, the said Board, in the exercise of its discretion, determined that it was not necessary to employ a county stenographer for full time, 'but that a stenographer employed on the basis of two days out of each week can reasonably handle all necessary work in' the office of the prosecuting attorney.

"2. At said meeting the said Board further authorized the prosecuting attorney to employ a county stenographer not to exceed a total of two days each week, the time of employment during the week to be at the discretion of the prosecuting attorney.

"3. At said meeting the said Board, further exercising its discretion, fixed the compensation of said stenographer at $6.25 per week, or $25.00 per month.

"From the foregoing facts the court concludes, as a matter of law, that:

"The Board of County Commissioners of Caribou County did not abuse its discretion in determining upon the part time employment of a county stenographer, nor in fixing the compensation of such stenographer, as provided in the order of said Board dated February 11, 1942."

Whereupon the following judgment was entered:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Board of County Commissioners of Caribou County did not abuse its discretion in determining upon the part time employment of a county stenographer, nor in fixing the compensation of such stenographer, as

provided in the order of said Board dated February 11, 1942.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the order of said Board of County Commissioners dated February 11, 1942, be, and the same is hereby affirmed, and this cause is hereby remanded to the said Board of County Commissioners with instructions to said Board to affirm said order in conformity herewith.

"Dated this 25th day of March, A. D. 1942.

"C. J. Taylor
"District Judge"

From the foregoing judgment, appellant duly filed his notice and undertaking on appeal to this court. There is but one ground relied upon for reversal, namely: It is urged that the court erred in holding as a matter of law that the Board had authority to exercise its discretion, or in other words that the Board had no discretion that it could exercise in providing for a part time stenographer for the Prosecuting Attorney's office and fixing said stenographer's salary at $6.25 per week or $25.00 per month, and in further providing that said stenographer be employed on the basis of two days out of each week, for the reason that it was "an attempt by the board of county commissioners to control the county stenographer in direct opposition to the expressed provision of the statute as provided in sec. 30-2109 [I. C. A.] as above quoted and that portion of the order which reads, 'or $25.00 per month' is an attempt by the board of county commissioners to control the employment of the county stenographer to the amount of two days per week and is contrary to the provisions of the statute placing such control in the hands of the prosecuting attorney."

The order of the Board recites that it had thoroughly investigated the amount of stenographic work necessary in the Prosecuting Attorney's office; that it found that the work was not sufficient to merit the employment of a full time stenographer, "but that a stenographer employed on the basis of two days out of each week can reasonably handle all necessary work in said office," and that "the time of employment during said week [was] to be at the discretion of the said Prosecuting Attorney." In other words, it recited that the Prosecuting Attorney could employ a stenographer two days out of each week which was all

the time reasonably necessary to handle the work in his office, and that said stenographer's compensation for said part time employment was fixed at $6.25 per week or $25.00 per month; that the time of employment during each week or the days of employment during each week were in the discretion of the Prosecuting Attorney. The Board did not, in its order, attempt to control the county stenographer in direct opposition to the statutes, but simply fixed the length of time of employment found to be necessary to handle the county business in that office, and fixed the compensation therefor.

Under the provisions of secs. 30-2108-9, supra, the legislature has vested in the Board of County Commissioners a discretion both as to the employment of a county stenographer and as to the compensation to be paid. The only question here for consideration is whether or not the Board abused its discretion.

Evidence was also taken in the proceedings had upon appeal to determine the amount of stenographic work necessary to be done. The record discloses that whenever a preliminary examination was held, the stenographer taking such preliminary hearing filed her claim therefor. Unless it affirmatively appears that the Board abused its discretion (and the record is entirely barren of any such evidence) its order will not be disturbed. (*Criddle v. Board of Commissioners*, 42 Idaho 811, 248 Pac. 465; *Huffaker v. Board of County Commrs.*, 54 Idaho 715, 35 P.2d 260.) As was said in *Criddle v. Board of Commrs.*, supra, in quoting from *Northern Trust Company v. Snyder*, 113 Wis. 516, 90 Am. St. 867, 89 N. W. 460: " 'Where it rests in the discretion of the county board to determine what is a reasonable compensation, the court should not revise their action in the absence of clear evidence of such manifest abuse of power and disregard of the statute as to show that the board failed to exercise a legal discretion * * *.' " In *Huffaker v. Board of Commrs.*, supra, it is held:

"The responsibility of determining a just and sufficient salary, taking into consideration a laudable desire for legitimate economies, adequate service to the county and public, just compensation to the employee, and due regard for the rights and interests of the taxpayers, rests on the board, subject to control, by the courts for abuse, and, the evidence herein does not show the Board has in this case overstepped

the bounds of a reasonable discretion." (See also *Reynolds v. Bd. of Commrs.*, 6 Idaho 787, 59 Pac. 730.)

The above rule would apply to the length of time necessary for employment of stenographic help in the Prosecuting Attorney's office, as well as to fixing compensation therefor, the entire matter being within the sound discretion of the Board.

It follows that no abuse of discretion having been shown, the judgment appealed from must be affirmed and it is so ordered. Costs to respondent.

Givens, C. J., and Morgan and Ailshie, JJ., concur.

Holden, J., dissents.