532 P.2d 941

Robert M. BROWN and Margo Layne Brown, Plaintiffs-Appellants,

v.

Thomas SCHAFER and John Le Moyne, Defendants-Respondents,

In the Matter of the Order of the Gooding County Commissioners concerning the approval of the Preliminary Plat and the Final Approval of the Springs Acres and Constoga Station Subdivisions, Defendants-Respondents.

No. 11589.

Supreme Court of Idaho.

March 10, 1975.

Robert C. Weaver, Buhl, for plaintiffs-appellants.

Parry, Robertson, Daly & Larson, Twin Falls, for defendants-respondents.

PER CURIAM:

This appeal is taken from a judgment of the district court affirming the order of the Gooding County Commissioners approving two subdivisions. At the outset we note that although the actual respondents in this appeal are the Gooding County Commissioners, the parties have designated

as respondents the owners of the two parcels of land in question, Thomas Schafer and John Le Moyne.[1] The Court will follow this pattern for the sake of consistency.

The respondents are developing adjoining parcels of land in Gooding County as residential subdivisions. The tracts of land total nearly forty acres and are located between the Snake River and U. S. Highway 30, approximately 4.5 miles north of Hagerman and 3.5 miles south of Bliss. The topography varies from steep bluffs to rolling, tillable soil, and the area is noted for the subsurface waters rising in the form of springs. The springs are used, as either collected surface water or running spring water, for domestic, agricultural or commercial purposes.

The preliminary plats were first submitted to the County Commissioners, who in turn sent the plats to the Gooding County Planning Commission. A special study of the plats was made by a subcommittee of the Planning Commission. After receiving reports from the Bliss Highway District, the Idaho Department of Health, and the Soil Conservation Service of the United States Department of Agriculture, the subcommittee and the Planning Commission approved the two subdivisions subject to certain recommended changes that were adopted by the owners of the land. The approval of the Planning Commission was gained over the disapproval voiced by the appellants at two meetings of the Commission. At these meetings the appellants attempted to discuss their fears concerning the effects of the subdivision on the water quality and esthetics of the area in question. The appellants also attempted without success to enter into the record of the meetings a petition carrying the signatures of fifty-two (52) residents of Gooding County requesting that the subdivisions only be allowed to sell lots no smaller than five (5) acres.

Following the approval by the Planning Commission, the County Commissioners approved the final plats of the subdivisions. The County Commissioners had before them the same reports as did the Planning Commission, including the report of the Planning Commission itself, the impressions formed by a visit to the subdivision sites, and the objections of the appellants along with a petition with seventy (70) signatures urging the adoption of a five acre minimum on lot size.

Subsequent to the approval of the County Commissioners, the appellants filed notice of their intent to appeal the action of the Commissioners to the District Court of the Fifth Judicial District, in and for the County of Gooding, pursuant to I.C. § 31–1512. The district court affirmed the decision of the Commissioners.

This appeal is taken from that order of the district court. The appellants contend that the trial court erred in its application of the standard of review for appealed actions of Boards of County Commissioners.

■ Our analysis of the Idaho authority then applicable and the record leads to the conclusion that the proper standard for district court review of decisions from boards of county commissioners involving the use of discretion specifically vested in the board was used by the district court in this case. Dygert v. Board of County Commissioners of Caribou County, 64 Idaho 161, 129 P.2d 660 (1942); Huffaker v. Board of County Commissioners, 54 Idaho 715, 35 P.2d 260 (1934).

■ Appellants, in the alternative, argue that an abuse of discretion occurred by the failure of the Commissioners to obtain a geological survey as recommended by the Soil Conservation Service soil report. This geological survey, appellants continue, is necessary to determine accurately the potential for pollution of the ground water by the sewer systems proposed for the sub-

1. Mr. Le Moyne is also a County Commissioner but had no role in that capacity in the deliberations in question.

divisions. However, the subdivision plats carry the approval of the Department of Health of the State of Idaho as required by I.C. § 50–1326. This approval was obtained by the developers because of their compliance with the recommendations made by the Department as to design and location of the field drain systems for the subdivisions. This approval, in combination with testimony before the district court as to the care taken in the planning of the subdivision provides the evidence necessary to support a finding by the district court approving the subdivision plats. The judgment of the district court is affirmed.

Costs to respondents.

BAKES, J., concurs in the result.