**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51293**

| | |
|---|---|
| BELA KOVACS, individually, and in his official capacity as Kootenai County Assessor, | ) ) ) |
| | ) **Filed: March 14, 2025** |
| | ) |
| | ) **Melanie Gagnepain, Clerk** |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| KOOTENAI COUNTY, a political subdivision and governmental agency of the State of Idaho; BILL BROOKS, individually, and in his official capacity as a member of the Board of County Commissioners; CHRIS FILLIOS, individually, and in his official capacity as a member of the Board of County Commissioners; and LESLIE DUNCAN, individually, and in her official capacity as a member of the Board of County Commissioners, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Respondents-Respondents on Appeal. | ) ) ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Susie Jensen, District Judge.

Judgment denying motion for reconsideration <u>reversed</u>, and <u>case remanded</u>.

Boyles Law, PLLC; D. Colton Boyles, Sandpoint, for appellant. D. Colton Boyles argued.

Lake City Law Group PLLC; Zachary Jones, Coeur d'Alene, for respondents on appeal. Zachary Jones argued.

_____

GRATTON, Chief Judge

Bela Kovacs appeals from the order of the district court denying Kovacs' motion for reconsideration. Specifically, Kovacs asserts the district court abused its discretion when it denied

1

his request for attorney fees under Idaho Code § 12-117(1) and (4). We reverse and remand to the district court.

# I.

## FACTS AND PROCEDURAL HISTORY

In May 2020, Kovacs was unanimously appointed as Kootenai County Assessor after his predecessor passed away. In August 2022, the Board of County Commissioners (Board) held a meeting to discuss the 2023 fiscal year. During this meeting, the chairman read the following statement:

> The [Board of County Commissioners (BOCC)] has been approached with great concerns from Assessor employees, other employees and Elected Officials regarding the performance of the Assessor Bela Kovacs. Bela has demonstrated an inability to adequately fulfill the role of Assessor. The BOCC has evaluated his skill set, experience and talents. Members of the BOCC have discussed with Bela his failure to perform statutory duties. Bela has demonstrated with his action that he lacks insight to evaluate his own performance. Therefore the BOCC has concluded the failure of Bela to meet his statutory duties, including deadlines, and his refusal to take any responsibility for the performance of himself and his staff, and so we find it necessary and we'll take this up later, potentially in a motion, to reduce his salary approximately in half to about $45,000 per year.

During discussion on the motion to reduce the Assessor's salary, the chairman also stated:

> And so I'll quote Idaho Code 31-802: County Commissioners have the power and the duty to 'Supervise the official conduct of all county officers, and appointed boards or commissions of the County charged with assessing, collecting, safekeeping, management or disbursement of the public moneys and revenues . . .' and I'll leave it at that.

The motion carried with a unanimous vote. At another meeting in September 2022, the Board adopted the budget, which took effect that month. The budget included the reduction in Kovacs' salary from $90,000 to $45,000 and denial of the 6% cost of living adjustment (COLA) given to all other county officials.

Kovacs then filed a petition for judicial review to challenge the Board's decision. As to the reduction in salary, the district court held that the Board has the constitutional and statutory authority to set the salary of county officers, including the Assessor, pursuant to I.C. § 31-3106. However, the court determined, pursuant to I.C. § 67-5279(3), the decision to reduce Kovacs' salary was not supported by substantial evidence. In particular, the court noted that the Board reduced Kovacs' salary despite there being no change in responsibilities or duties of the position

2

as Assessor. The court found that the Board did not consider what would have been a fair and just salary for the holder of the office of Assessor. Thus, a reduction in salary for the Assessor's office was not specific to Kovacs and the reduction would apply to whoever would be elected as the next Assessor. Consequently, the court determined the Board's decision to reduce the salary of the Assessor from $90,000 to $45,000, while performing the same duties and responsibilities, exceeded the bounds of reason, was arbitrary, unsupported by substantial evidence, and an abuse of discretion. For the same reasons stated regarding the reduction in salary, the court found the decision to exclude the Assessor from the 6% COLA was not supported by substantial evidence. Consequently, the court set aside the Board's decision and remanded to the Board for reinstatement of the Assessor's previous salary retroactive from September 2022 with a 6% cost of living increase for the 2023 fiscal year.

Kovacs sought attorney fees pursuant to I.C. § 12-117(1) and (4). The district court found that Kovacs was the prevailing party but declined to award attorney fees under I.C. § 12-117(1) because it did not find that the Board had acted without a reasonable basis in fact or law. The court also denied attorney fees under I.C. § 12-117(4) because it found that Kovacs, in his capacity as Assessor, was not a "political subdivision" for purposes of the statute. Specifically, the court held Kovacs was not a "state board, commission, department or officer authorized by law to make rules or to determine contested cases" as required by the definition of "agency" under I.C. § 67-5201(3).

Kovacs then filed a motion for reconsideration regarding the denial of attorney fees, which the district court denied. The court reiterated that the Board acted within its authority to set the salary of the Assessor but found the decision was not supported by substantial evidence. However, the court held the Board had not acted without a reasonable basis in fact or law. The court also upheld its determination that the Assessor was not a political subdivision under the statute and Kovacs was not entitled to attorney fees under I.C. § 12-117(4). In particular, the court noted that a political subdivision, such as a board of county commissioners, may only act through its agents and officers acting under their authority, pursuant to I.C. § 31-602. However, the court noted that simply being a county officer does not make one a political subdivision. Kovacs appeals.

## II.

## STANDARD OF REVIEW

We review a district court's denial of attorney fees under I.C. § 12-117 for an abuse of discretion. *Ada County v. Browning*, 168 Idaho 856, 859, 489 P.3d 443, 446 (2021). When a trial

court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). The interpretation of a statute, including a statute authorizing attorney fees, is a question of law. *Neighbors For Responsible Growth v. Kootenai County*, 147 Idaho 173, 176, 207 P.3d 149, 152 (2009). Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

Kovacs claims that the district court abused its discretion when it denied Kovacs' attorney fees under I.C. § 12-117(1). Kovacs argues that the district court's finding that the Board's action exceeded the bounds of reason, was arbitrary, an abuse of discretion, and unsupported by substantial evidence, cannot be squared with the court's determination that the Board did not act without a reasonable basis in fact or law. Kootenai County argues the court did not abuse its discretion because its finding that the Board's decision was not supported by substantial evidence did not mandate a finding that the Board acted without a reasonable basis in fact or law.

The relevant portion of I.C. § 12-117(1) provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceedings, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, *if it finds that the non-prevailing party acted without a reasonable basis in fact or law.*

I.C. § 12-117(1) (emphasis added). Thus, it is not enough that Kovacs prevailed in the district court. The issue turns on whether the Board, the non-prevailing party in this case, acted without a reasonable basis in fact or law.

As an initial matter, whether the Board has authority to fix a county official's salary is different and distinct from the issue of whether the Board acted without a reasonable basis in fact when making a decision under I.C. § 12-117(1). The district court correctly ruled that the Board had the authority to set the salary of the Assessor. *See* I.C. § 31-3106 ("It shall be the duty of the

4

board of county commissioners of each county . . . to fix the annual salaries of the several county officers."). Reducing the Assessor's salary is encompassed within the statutory authority to fix the annual salaries of county officials under I.C. § 31-3106.

Kovacs does not dispute the district court's conclusion that the Board has authority to set the salaries of county officials. However, Kovacs argues the Board's exercise of its authority was unsupported by the record and that the Board's supervising authority pursuant to I.C. § 31-802 does not grant the Board authority to reduce Kovacs' salary by half based on past performance. Kovacs also argues, although not expressly required by law, the Board should have considered the factors set out in *Reynolds v. Board of Comm'rs of Oneida County*, 6 Idaho 787, 59 P. 730 (1899) before adjusting the Assessor's salary. In *Reynolds*, the Idaho Supreme Court suggested a series of factors that may be relevant for a board to consider when fixing salaries:

> [The legislation] fixes the basis upon which the salary of county officers in each county in the state is to be fixed. That basis is the same in each, and is reasonable compensation for the services to be performed, taking into consideration the character of the services, amount of labor to be performed, and such surrounding circumstances as affect the cost of living and supporting one's self at the county seat of his county compatible with the dignity of the office to which he has been elected.

*Id*. at 790-91, 59 P. at 731. The Court held that a board's decision is discretionary:

> All of these matters should be carefully investigated and determined by the board of commissioners. The board should exercise the discretion vested in it with due regard for the rights of all parties concerned. It was not intended by the legislature that the action of the board of commissioners should be final, or that such board might act arbitrarily, through mere whim or caprice.

*Id*. at 791, 59 P. at 732.

*Reynolds* therefore laid the foundation that a decision by a board of commissioners to fix salaries of county officials is based on discretion and may be reviewed by the courts for an abuse of that discretion. This principle was later relied on in *Criddle v. Board of Comm'rs of Bonneville County*, 42 Idaho 811, 248 P. 465 (1926), in which the Court stated:

> It would seem to have been well said in the *Reynolds* Case, therefore, that the action of the commissioners involves the exercise of discretion, and that the question for determination by the courts, when such an order is appealed from, is whether the board in making the order abused its discretion.

*Id*. at 815, 248 P. at 467. The Court pointed out that the legislature intended that a board would consider any knowledge it has of the county's business and fix salaries based on a "fair consideration of all the facts and circumstances relating thereto." *Id*.

5

The relevant factors will vary from county to county regarding the position for which the salary is affixed, and there is no legally required list of factors which a board must consider. For example, in *Dygert v. Bd. of Comm'rs of Caribou County*, 64 Idaho 161, 129 P.2d 660 (1942), the Idaho Supreme Court affirmed the district court's finding that the board did not abuse its discretion when fixing the salary of a part-time county stenographer. *Id*. at 168, 129 P.2d at 663. The Court relied on precedent stemming from *Reynolds* and its progeny:

> The responsibility of determining a just and sufficient salary, taking into consideration a laudable desire for legitimate economies, adequate service to the county and public, just compensation to the employee, and due regard for the rights and interests of the taxpayers, rests on the board, subject to control by the courts for abuse, and, the evidence herein does not show the board has in this case overstepped the bounds of a reasonable discretion.

*Id*. at 167-68, 129 P.2d at 663 (quoting *Huffaker v. Board of Comm'rs of Bonneville County*, 54 Idaho 715, 718, 35 P.2d 260, 261 (1934)).

While the Board was not required by law to consider a specific list of factors, the Board must have based its decision on *some* facts or circumstances such that it does not act "arbitrarily, through mere whim or caprice." *See Reynolds*, 6 Idaho at 791, 59 P. at 732. Here, there was no evidence considered by the Board and therefore no facts to be applied to any of the factors set out in *Reynolds*. The chairman of the Board read a statement aloud at the meeting which may have alluded to certain concerns regarding Kovacs' performance as Assessor, but no facts were presented to the Board regarding the alleged performance issues and no documentation or other evidence was considered.

The record on appeal contains the transcript of the meeting, which includes the statement read by the chairman as well as Kovacs' comments, the resolution adopted by the Board to approve the budget, the meeting agendas, and the meeting minutes documenting the votes for the budget approval. No other evidence was included that would substantiate anything alluded to in the statement read by the chairman. Further, the district court noted that, while the statement read by the chairman specifically mentioned the reduction in salary, there was no evidence as to what the Board considered for its decision to exclude Kovacs from the 6% COLA.[1]

---

[1] The transcript from the September 2022 meeting indicates that the chairman made a motion to adopt the resolution fixing the salaries for the county's elected officials and stated, in part: "and let it be known that the Elected Officials will be receiving a 6% COLA, no other increase, and the

6

The Board, in its discretion, did not base its decision on a "fair consideration of all the facts and circumstances" relating to the reduction of the Assessor's salary because the record is wholly devoid of those facts and circumstances. *Criddle*, 42 Idaho at 815, 248 P. at 467. Further, the decision to reduce the salary by half did not just affect Kovacs personally, but the Assessor as a county office generally. The record lacks any evidence relied upon by the Board for its determination that the office of the Assessor, while maintaining the same responsibilities and duties, was worth half of the previous annual salary. *See* IDAHO CONST. art. XVIII, § 7 ("All county officers and deputies when allowed, shall receive, as full compensation for their services, fixed annual salaries."). There were also no facts to explain or justify denying Kovacs the 6% COLA. The exercise of discretion in fixing salaries for county officers must be substantiated by evidence and show that the Board made such a decision based on relevant factors and the facts and circumstances relating thereto. *Criddle*, 42 Idaho at 815, 248 P. at 467; *see also* I.C. § 67-5279(3) (providing that the reviewing court "shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are: (d) Not supported by substantial evidence on the record as a whole; or (e) Arbitrary, capricious, or an abuse of discretion").

The district court was correct in finding that the Board's decision was arbitrary, without evidentiary support, and exceeded the bounds of reason. However, under these circumstances, the court's holding that the Board acted with a reasonable basis in fact is inconsistent with that finding.[2] The Board did not have any facts upon which to base its decision and neither considered nor applied any relevant factors in assessing such facts. Since the record does not contain any facts or circumstances upon which the Board based its decision, the Board necessarily had no reasonable basis in fact to support its action. Therefore, the district court acted inconsistently with the legal standards applicable to the specific choices before it and, therefore, abused its discretion. Kovacs is entitled to attorney fees pursuant to I.C. § 12-117(1). Because we reverse as to the entitlement to attorney fees pursuant to I.C. § 12-117(1), we need not decide the merits of attorney fees under I.C. § 12-117(4).

---

Assessor is exempted from this increase. End of motion." There was no further discussion by the Board and the motion carried by unanimous vote.

[2] "Arbitrary" means "of, relating to, or involving a determination made without consideration of or regard for facts, circumstances, fixed rules, or procedures." *Arbitrary*, Black's Law Dictionary (12th ed. 2024).

Both Kootenai County and Kovacs claim attorney fees on appeal pursuant to I.C. § 12-117(1).  As Kootenai County is not the prevailing party it is not entitled to an award of attorney fees.  For the same reasons set forth above, we award costs and attorney fees on appeal to Kovacs.

## IV.

## CONCLUSION

The order of the district court denying Kovacs' request for attorney fees under I.C. § 12-117(1) is reversed and the case is remanded.  Kovacs is awarded costs and attorney fees on appeal.

Judge HUSKEY and Judge LORELLO **CONCUR**.